■     In the Matter of the Claim of ROBERT HARE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Claimant appeals from a decision of the Unemployment Insurance Appeal Board, which reversed the finding by the Referee, and reinstated in part the determination of the Commissioner, who found that claimant was not available for employment, and that his failure to reveal to the local agency office his activities constituted willful misrepresentation and rendered the benefits he received recoverable overpayments. The facts are not controverted. The claimant, an ironworker, filed for benefits, alleging total unemployment while in fact he was working in a newly acquired hotel owned and operated by his mother and father. He had no interest therein, nor received any pay, nor was he carried on the books as an employee, but actually, while certifying for benefits, he worked approximately 40 hours a week tending bar, cleaning, painting and doing electrical work. His parents had some time prior thereto advanced the claimant $1,400 to forestall a mortgage foreclosure action. On this appeal, the claimant relies almost entirely upon the favorable decision of the Referee, overlooking the actuality that the board reversed as a fact the finding of the Referee. The cases cited by the appellant are authority for this court sustaining the determination of the board. The factual questions herein are similar to those in *Matter of Bailey* (*Catherwood*) (18 A D 2d 727). This claimant, when certifying for benefits, should have disclosed the working arrangements with his parents and the question of availability would have been determined forthrightly. When he elected not to make such a disclosure, he assumed the risk and the consequences therefrom. The board factually decided that his silence, the failure to make a full disclosure of his activities at the hotel, constituted a willful misrepresentation; that he was overpaid and charged him the amount of such benefits. Under the statute, the board had such authority. (*Matter of Marder* [*Catherwood*], 16 A D 2d 303, 306.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■     In the Matter of the Claim of JOHN F. JACOBSON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by the claimant from a denial by the Unemployment Insurance Appeal Board of unemployment benefits on the ground that he voluntarily quit his employment without good cause. (Labor Law, § 596, subd. 1.) Appellant urges that he was justified in believing he had been discharged. The record, however, is susceptible of the interpretation that although severely reprimanded, appellant was not told he was discharged, but was in fact transferred to other work. The next day he came to his place of employment, picked up his tools and left of his own accord without notifying his employer or making any effort to find out what action, if any, his employer intended to take. The resolution of factual issues is within the province of the board if supported by substantial evidence. (Labor Law, § 623; *Matter of Lipschitz* [*Lubin*], 7 A D 2d 777.) On the present record we see no reason to disturb the board's determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.