■ In the Matter of the Claim of ALBERT DE NUCCI, Respondent, v. NAVAJO FREIGHT LINES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD,

Respondent.— STALEY, JR., J.   Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed October 11, 1967. On June 28, 1965 the claimant was employed as a dockman handling freight. At about 10:00 A.M. on that day, the claimant, while attempting to lift a table over a rolled up rug, felt pain in his lower back and down his left leg. The claimant was disabled by these injuries, and compensation awards were made from June 29, 1965 to October 13, 1965 when he returned to work. On April 5, 1966 he was discharged by the employer due to lack of work. He did no work and engaged in no strenuous activity thereafter and, on June 20, 1966, he was examined by Dr. Joseph Steinbock because his back condition had grown worse. The claimant has been unable to work since June 20, 1966 and has continued to complain of pain in the left lower back radiating down the left leg. The Workmen's Compensation Board determined that the claimant continued to have a causally related partial disability after September 21, 1966 and affirmed the Referee's award. Appellants argue that the medical evidence relied on by the board consists only of a mere possibility of causal relationship and that there is, therefore, no substantial medical evidence to support the determination of the board. Dr. Steinbock, claimant's witness, submitted a medical report wherein he stated there was causal relationship between the accident on June 28, 1965 and the claimant's condition on June 20, 1966. His testimony, however, was far less emphatic by reason of his use of the words "possibly could be due to that"; "I cannot say categorically that it was or not"; and "I cannot eliminate the possibility of this being the cause of it." In answer to the question of whether claimant's disability was total or partial as related to the accident of June 28, 1965, Dr. Steinbock testified that "I can't answer that yes or no. I can just say it's possible." Continuing, he said that in cases where X rays show a pre-existing condition "I have assumed the injury, the symptoms are due to the injury on a pre-existing condition." Considering the fact that Dr. Steinbock was aware of the claimant's pre-existing back pathology which could also be a competent producing cause of the symptoms evidenced on June 20, 1966 and thereafter, his testimony in effect is an expression by a careful physician, albeit in a negative way, that causal relationship existed. While speculative medical evidence is not sufficient to support a claim, the use by medical experts of such expressions as "possibly", "probably", or "could", does not necessarily brand their testimony as speculative so as to defeat a claim where substantial medical evidence of causal relationship is presented by the whole record. (*Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414.) Causal relationship is also found in the medical report submitted by Dr. Joseph W. Harris, Principal Medical Examiner of the Workmen's Compensation Board, dated January 16, 1967, wherein Dr. Harris concluded that the claimant had a "Permanent partial disability as a result of conditions found on my examinations and conditions reported in the file especially X rays which I have not read." In this report Dr. Harris referred to his report dated September 21, 1966 wherein he set forth: "Reports in the file tell of difficulty with the back as the result of an accident that occurred on 6/28/65." Thus, Dr. Harris reported a causal relationship. In addition, Dr. Puleo, the claimant's attending physician at the time of the accident, who was unable to testify by reason of service in the Army, reported on August 16, 1965, that, as a result of the accident, the claimant "may never attain pre-injury status" and on July 19, 1965 reported, "It is likely that an acute problem will occur." Although Dr. Philip L. Forster's testimony and report were definite to the effect that claimant's condition was due to the claimant's pre-existing back pathology, this tesimony and his report merely presented a question of fact to be determined by the board. The entire record contains substantial evidence to support the determination. Decision

affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.