◼ In the Matter of the Claim of MATTHEW A. GIEL, Respondent, v. S. KENNY TRUCKING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed February 22, 1971. Claimant suffered an acute myocardial infarction evidenced by a sharp and knife-like pain in his chest at 3:30 A.M., on December 24, 1968. He completed his work, went home at 4:00 A.M., the end of his working day. He entered the hospital on December 26 and remained there for three weeks. On October 22, 1969, 10 months after the occurrence, claimant filed a claim for workmen's compensation benefits. Respondent board found accident

causally related to employment and excused the failure to give statutory notice upon the grounds appellant was not prejudiced. (Workmen's Compensation Law, § 18.) The issue of lack of prejudice to appellants cannot be sustained upon this record. Such a determination must rest upon evidence and sufficient findings that the employer's right to a prompt investigation has not been prejudiced. The burden of going forward is upon claimant. (66 N. Y. Jur., Workmen's Compensation, § 516; *Matter of Zraunig* v. *New York Tel. Co.*, 32 A D 2d 686.) Decision reversed and matter remitted for further proceedings on the issue of notice, with costs against the Workmen's Compensation Board. Herlihy, P. J., Cooke, Simons and Kane, JJ., concur. Greenblott, J., dissents and votes to affirm in the following memorandum: In my view appellants waived their right to raise the issue of notice. Section 18 of the Workmen's Compensation Law provides: " the employer and the insurance carrier shall be deemed to have waived such notice unless the objection to the failure to give such notice or the insufficiency thereof, is raised before the board on the first hearing of the claim * * * at which all parties in interest are present, or represented, *and* at which the claimant, or principal beneficiary, testifies." (Italics supplied.) Appellants raised this issue only at the first hearing held on January 9, 1970, at which no testimony was taken nor was claimant represented by counsel. The first occasion at which all parties were represented and claimant testified, was held on May 21, 1970. However, appellants failed to raise the issue of notice at that time. *Matter of Jocher* v. *Piel Bros.* (13 A D 2d 580) does not require a contrary result. In *Jocher*, the Referee stated at the hearing at which claimant first testified that notice was at issue. This did not occur here. Furthermore, at the first hearing, in *Jocher*, when the issue of notice was raised, the claimant, although not sworn, answered a question. This also did not occur in the case at bar. Section 18 is explicit in its requirement that the claimant must testify. I therefore dissent.