■ In the Matter of SILVIO SCACCIA, Respondent, v. CYPRUS MINES CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 19, 1973. Claimant was employed by a wire and cable manufacturer. His job involved heavy work including the lifting of shafts weighing between 150 to 170 pounds. On June 18, 1969, claimant was working alone and, after lifting a shaft, he went to his desk and experienced a severe pain in his back and legs. Claimant then proceeded to the plant dispensary and saw the plant physician who noted that he was limping and in obvious discomfort with pain of the right hip and posterior thigh and knee. He took a history indicating that claimant experienced leg problems two days before while playing golf and the night before while planting peppers. Although

he knew the nature of claimant's work, he asked no questions concerning claimant's morning activities and claimant did not volunteer the information. After taking X rays, he referred him to his personal physician who admitted him to the hospital the next day under the care of Dr. Ostrowski who did not question him about his work and claimant did not tell him about a work episode. In the month of November, 1969, claimant was seen by Dr. Lin and, apparently in giving a history to him concerning the back problem, the incident at work was related. On November 20, 1969, the employer filed a report of injury stating that the date and place of the accident was unknown and referred to the report of Dr. Lin dated November 13, 1969 for the nature of the injury. The superintendent in claimant's department stated that he had been advised on June 18, 1969 that claimant had hurt his back at work; that he had been to medical and gone home. Claimant's supervisor testified that he saw claimant when he came to work; that there did not appear to be anything physically wrong with him; that claimant went about his usual duties; that he was performing heavy work on that day and had been told by the superintendent later that claimant had hurt his back and had gone home. Section 18 of the Workmen's Compensation Law provides that notice of an injury shall be given to the employer within 30 days after the accident causing such injury, and the failure to give notice of injury shall be a bar to any claim for compensation unless excused by the board on the ground that the employer or its agents in charge of the business in the place where the accident occurred, or having immediate supervision of the employee to whom the accident happened, had knowledge of the injury or on the ground that the employer has not been prejudiced. The board determined "that the employer had knowledge of claimant's injury immediately as claimant's supervisors, Brown and Wooley, have so testified. Medical attention was given the same day by the plant doctor and therefore the employer was not prejudiced by lack of formal notice." The employer had knowledge of the extent of the injury through the plant physician, and had adequate knowledge and opportunity to investigate the occurrence. If there was any prejudice here to the employer, it was the result of the inactivity of its agents who had knowledge of the injury. Notice and lack of prejudice are issues of fact for the board's determination. There being substantial evidence to support its determination, it must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.