■ In the Matter of the Claim of LESLIE H. GOLDENTHAL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 1975, which adopted and affirmed a referee's decision which sustained the initial determination of the Industrial Commissioner that the claimant was disqualified from receiving benefits upon the ground that he voluntarily left his employment without good cause by provoking his discharge. The claimant was last employed by a law firm as an attorney at law from July 10, 1974 until December 13, 1974. At the time he entered into such employment, the employer was aware that the claimant's status as an attorney at law was subject to change because of disbarment proceedings which had been brought against him. The disbarment proceedings resulted in an order by the Appellate Division of the First Department which revoked his right to practice law and in consequence the employer had to terminate the employment. The record establishes that the claimant was not guilty of any misconduct in regard to his last employment. (Cf. *Matter of James [Levine]*, 34 NY2d 491, 494.) In *Matter of James (Levine) (supra,* p 498), it was recognized that the doctrine of provoked discharge as applied in *Matter of Malaspina (Corsi)* (309 NY 413) "should be confined to the instance of the 'involuntary' discharge by an employer for cause flowing from the 'voluntary' act or acts of the employee." While the present record does not disclose the facts which brought about the disbarment, the claimant in a summary of hearing dated February 13, 1975 recited that he was on probation for the conviction of a misdemeanor. While the loss of his right to practice law by the claimant is not precisely the equivalent of the situation in the *Malaspina* case, the record does contain substantial evidence that the claimant had at some time engaged in conduct which he should have known might result in his being no longer employable as an attorney at law. Accordingly, the doctrine of provoked discharge was properly applied by the referee and the board. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.