■ In the Matter of the Claim of KATHERINE PAL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 14, 1974, ruling claimant ineligible to receive benefits effective March 26, 1973, upon the ground that she was not totally unemployed, and further holding that claimant had willfully made false statements in order to obtain benefits and was overpaid, and referring the matter back to the local office for computation of the amount of overpayment and penalty to be imposed. Whether or not one is totally unemployed within the meaning of section 522 of the Labor Law is a factual issue within the sole province of the board, and its determination must be sustained, if supported by substantial evidence *(Matter of Carasso [Catherwood]*, 23 AD2d 935, 936). The same principles apply to a determination as to whether or not failure to disclose self-employment was a willful concealment made in order to obtain benefits *(Matter of Newman [Catherwood]*, 24 AD2d 1042). Since the board's determinations here are supported by substantial evidence, we must affirm. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of ANTHONY BOTTARO, Respondent, v MISS RUBETTE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed October 26, 1973 and January 3, 1975. The only issue to be resolved upon this appeal is whether the board properly excused the failure of the claimant to give written notice to his employer of the nature and extent of his injury (Workmen's Compensation Law, § 18). Claimant sustained a heart attack causally related to his work on November 30, 1971 which required hospitalization. He thereafter returned to work and suffered a recurrence on April 13, 1972 requiring further hospitalization. Original claims for compensation were not filed until August 11, 1972. The board has excused the absence of written notice on the basis that upon this record the claimant has established lack of any prejudice to the employer from failure to comply strictly with the statutory provisions *(Matter of Giel v S. Kenny Trucking Corp.*, 38 AD2d 1001). We agree. On both occasions claimant's wife, on his behalf, notified the employer of claimant's hospitalization resulting from heart attacks. Evidence presented by a vice-president of the employer established knowledge of claimant's on the job injury and the testimony of one of the owners who observed claimant at his place of employment at the very time of the original incident completes this proof. There was ample opportunity for the employer to make any necessary inquiry after timely knowledge of claimant's hospitalization. The finding of lack of prejudice to the employer is based upon substantial evidence *(Matter of Scaccia v Cypress Mines Corp.*, 45 AD2d 789). Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Kane, Koreman, Main and Reynolds, JJ., concur.