■ In the Matter of the Claim of PETER A. BRUCE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 7, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective May 7, 1974 because he refused employment for which he was reasonably fitted by training and experience and charging him with an overpayment of $1,435 in benefits ruled to be recoverable. While admitting that he had received an offer of employment for which he was reasonably fitted by training and experience, claimant turned down the offer of employment upon the sole ground that the travel time to the job site, 50 minutes, was unreasonable and thus provided good cause for his refusal. Whether one refuses employment for good cause or for personal and noncompelling reasons calls for a factual determination, solely within the board's province, and if, as here, it is supported by substantial evidence, it must be affirmed (Matter of Drejza [Levine], 42 AD2d 659). Moreover, the board's finding that the claimant failed to report his opportunity of employment to the local office involved issues of credibility, the resolution of which are within the sole province of the board (Matter of Marchena [Catherwood], 31 AD2d 774), and provided the necessary basis for its further finding that the benefits were recoverable because, where a review of a prior determination allowing benefits results in their denial, a claimant may not retain them unless they were accepted by him in good faith (Labor Law, § 597, subd 4; cf. Matter of Bennett [Catherwood], 33 AD2d 946). Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.

■ In the Matter of the Claim of IRVING GROSSMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 23, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective June 1, 1975 because he voluntarily left his employment without good cause. The referee found it unnecessary to rule on the alternate issue of claimant's availability for employment. There is substantial evidence to support the finding that claimant, age 64, voluntarily quit his job as a clerk in the appetizing department of a large food store chain to be eligible to receive a union pension, collect social security benefits, and be able to work part-time. Claimant's personal physician advised him not to retire. Although on this appeal claimant contends he did not retire for the reasons just listed, he did so testify. Good cause for voluntary leaving of employment is a question of fact within the purview of the board and its determination, if supported by substantial evidence, should not be disturbed (Matter of Famulare [Catherwood], 34 AD2d 705). Claimant's contention that he left the job because he could not get along with his new supervisor is of no avail. Inability to get along with a supervisor is not good cause for leaving employment (Matter of Ayala [Levine], 45 AD2d 986; Matter of Fanning [Levine], 45 AD2d 817). The record discloses substantial evidence to support the factual determination that claimant left his employment without good cause. Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.