■ In the Matter of the Claim of PAUL SILLAN, Appellant. FRENCH TELEGRAPH CABLE COMPANY, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 18, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground he voluntarily left his employment without good cause. The board has found that the claimant resigned his employment voluntarily and for personal, noncompelling reasons. The record provides substantial evidence to support its determination (Matter of Silver [Levine], 50 AD2d 639). Decision affirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of CAROL R. GANNON, Appellant, v NEW YORK WIRE MILLS CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 7, 1974. The decedent was a regular employee of the employer who undertook to do some work outside of his ordinary working hours for the purpose of painting the employer's premises. In furtherance of that project, the employee and another person signed an agreement with the employer to do the work at a stated lump sum price and furnish their own equipment. In the course of the project the decedent suffered fatal injuries by reason of contact with high voltage electrical wires. The employer and its insurance carrier filed notice of injury with the board and the carrier began making compensation payments to the claimant. The claimant sought to reject and return the carrier's checks claiming that the decedent was not an employee at the time of the accident. As a result of the attempted rejection of benefits by the claimant, the matter came before the board by hearings and appeal. The claimant's contention that the board lacked jurisdiction to hold hearings in the absence of a written notice of injury or death (Workmen's Compensation Law, § 18) or a formal claim is without merit (Matter of Doca v Federal Stevedoring Co., 308 NY 44, 49). The regular employment of the decedent constitutes substantial evidence to support the finding of the board that claimant was not an independent contractor at the time of the injury. Decision affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.