■ In the Matter of the Claim of CLARENCE PALMER, Respondent, v CITY OF GLENS FALLS FIRE DEPARTMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and carrier from a decision of the Workmen's Compensation Board, filed June 20, 1975. The board found that claimant suffered heart injuries on April 6, 1969 due to strenuous activities as a fireman. On this appeal appellants urge reversal on the ground that claimant failed to give proper notice as required by section 18 of the Workmen's Compensation Law and on the further grounds that there was no accident within the meaning of the Workmen's Compensation Law and no substantial evidence to establish causal relationship. As to the first issue, the board, on this record, could properly conclude that there was compliance with section 18 of the Workmen's Compensation Law based on claimant's testimony that he reported the incident to Fire Chief Akins, his superior, within two weeks *(Matter of Bottaro v Miss Rubette, Inc.,* 50 AD2d 1001). The record reveals that on April 6, 1969, at about 9:50 A.M., claimant, a fire captain, responded to a fire alarm; that when he arrived at the scene he ran up a fairly steep flight of stairs, consisting of 25 treads; that he experienced no pain or difficulty until shortly after he went to bed that evening at about 11:00 P.M. The next morning he went to the hospital and it was diagnosed that he had a myocardial infarction which had its onset in the evening of April 6, 1969. While there was a conflict in the medical proof, Dr. St. John testified that "The act of running up the stairs could, theoretically, precipitate the same thing" (aggravation of a pre-existing heart condition). He also opined in answer to a hypothetical question that it was feasible and possible for claimant to have sustained an aggravation of his arteriosclerotic heart condition. The fact that the doctor's opinion was not categorically expressed did not preclude it from being accepted by the board *(Matter of De Nucci v Navaho Frgt. Lines,* 31 AD2d 868). Considering the record in its entirety, we are of the view that there is substantial evidence

to sustain the board's determination that claimant suffered heart injuries on April 6, 1969 while responding to a fire alarm *(Matter of Grovine v Edwards & Son,* 37 AD2d 647). Decision affirmed, with costs to the Workmen's Compensation Board. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.