■ In the Matter of the Claim of SANDRA J. STAHELI, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 12, 1977, which affirmed the decision of a referee sustaining initial determinations of the Industrial Commissioner holding claimant ineligible to receive benefits because she was not totally unemployed, charging her with a recoverable overpayment of $816, and holding that she willfully made false statements to obtain benefits for which forfeiture of future benefit rights was imposed. Claimant worked as a clerk-typist for 14 months before she was discharged under nondisqualifying conditions. During part of the time that claimant was receiving benefits, a friend brought a six-month-old baby to claimant's house, where the child stayed from 11:30 at night until 8:00 A.M. while the mother worked on a night shift. There is testimony in the record that the claimant was paid $25 a week, although claimant alleges that she was paid only from time to time and much less than $25 per week. The question of whether a person who is a clerk-typist is totally unemployed when she allows a friend to leave a baby during the night in return for a weekly fee is a factual matter for determination by the board (Matter of Weiss [Catherwood], 28 AD2d 577). There is substantial evidence in this record to support the board's determination and, thus, it cannot be disturbed. When claimant certified at the local office, she answered "no" to the question "are you working". On this basis the board found claimant had made a willful false statement, reduced her benefits by 96 effective days and found that she received $816 in recoverable funds. With this determination we cannot agree. We find no evidence of willfulness in this record to support the board's determination. Allowing a child of tender age to sleep in claimant's house from 11:30 or 12:00 at night until 8:00 in the morning, even if payment were made to the claimant (which she denied), may have constituted employment, but provided no substantial evidence to support the board's determination that there was a willful misrepresentation by the claimant. She was available for work during the day as a clerk-typist or any other similar position and so stated. We find no other indications in this record to support the board's determination of willful misrepresentation. Decision modified by reversing so much thereof as found the claimant guilty of willful misrepresentation, ordered a forfeiture of 96 effective days of future benefits and ruled that she had been paid $816 in recoverable funds, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.