■   In the Matter of the Claim of DAVID CZARNIAK, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 28, 1976, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective December 24, 1974 because he was not totally unemployed and was unavailable for employment; charged him with an overpayment of benefits ruled to be recoverable; and held he had willfully made false statements to obtain benefits by reason of which a forfeiture of 144 effective days was imposed. Claimant, a plumber, filed for and began to receive unemployment insurance benefits in July of 1974 under qualifying conditions. In December of that year he and another individual formed a corporation for the retail sale of plumbing equipment and supplies. Claimant invested in the enterprise and became its president. He thereafter assisted in the leasing of suitable office space, the purchase of inventory, and the payment of utility bills. The venture was formally opened for business in May of 1975 and claimant, then employed elsewhere, sought no further benefits. From his own account there is more than substantial evidence to support the finding that his preparatory efforts during this interval, though not remunerative, removed him from the category of the totally unemployed (see, e.g., *Matter of Scheer [Catherwood]*, 33 AD2d 1063). The determination of ineligibility must, therefore, be affirmed. However, the recovery of overpayments and the reduction of effective days is made to hinge on a finding of willful misrepresentation to obtain benefits and we conclude that the evidence in this regard was insufficient. Claimant was not engaged in corporate affairs when he first applied for benefits and the record does not reveal what instructions he received at that time about the necessity of reporting future employment activities. Although he was under a continuing obligation to disclose such endeavors, this is plainly not the usual situation where one's failure to mention his work for another speaks for itself as an indication of willful misrepresentation (see e.g., *Matter of Hare [Catherwood]*, 20 AD2d 733). The marking of an "N" in a weekly benefit booklet means that a

claimant did no work at all on the days so noted and an individual who receives payment for the rendition of services on such a day could hardly mistake the import of a false entry. Matters are not so clear, however, when the activity undertaken results in no immediate profit. Cases might arise in which those activities are so concerted or time-consuming as to generate awareness that the continuing certification of total unemployment misrepresents reality (e.g., *Matter of Bailey [Catherwood]*, 18 AD2d 727), but here there has been no showing that claimant's efforts to ready the corporation for operation attained that character or degree of involvement. His testimony that he did not consider his actions to constitute work does not appear to be implausible on its face and, while it could be rejected on the basis of credibility, no positive evidence of willful misrepresentation can be spelled out from the remaining proof. The technical inaccuracy of the weekly reports was not enough to raise a factual issue of misrepresentation under the circumstances presented (see generally, *Matter of Staheli [Ross]*, 60 AD2d 670; *Matter of Todino [Ross]*, 59 AD2d 638; *Matter of Oster [Levine]*, 53 AD2d 740). Decision modified, by striking so much thereof as finds a willful misrepresentation to obtain benefits ruled to be recoverable and imposes a forfeiture of effective days; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane and Mahoney, JJ., concur; Larkin and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). We dissent and vote to affirm for the reasons set forth in the decision of the Unemployment Insurance Appeal Board.