◼ In the Matter of the Claim of JOSEPH RICHMAN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 25, 1977, which affirmed a decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective several days between September 21, 1976 and December 14, 1976 because he was not totally unemployed on those days, holding that he willfully made false statements to obtain benefits by reason of which a forfeiture of 40 effective days was imposed as a penalty in reduction of his

future benefit rights, charging him with an overpayment of $522.50 in benefits ruled to be recoverable, and holding him ineligible to receive benefits effective September 20, 1976 because he was not available for employment. During the period at issue, claimant was a student at Richmond College of the City University of New York, and he admittedly attended classes two days each week and was employed under the college's work-study program by the New York City Urban Corps three other days each week. When this situation inadvertently came to the attention of the Industrial Commissioner's office in December of 1976, it determined that claimant was ineligible for unemployment benefits on the 34 days he was employed under the work-study program because he was not totally unemployed on those days, and it likewise ruled that he was ineligible effective September 20, 1976 because he was not available for employment. Additionally, since it found that he had made willful false statements on the question of whether or not he was totally unemployed in order to obtain benefits, it imposed a forfeiture of 40 effective days in reduction of his future benefit rights and also charged him with an overpayment of $522.50 in recoverable benefits. These determinations were all confirmed by a referee and the board, and the instant appeal ensued. Initially, we find that the ruling that claimant was not totally unemployed was proper and should be sustained. Although claimant's work-study job was predicated upon his being a college student and unique in many respects (see *Brown v Bates,* 363 F Supp 897), it was nonetheless undeniably employment, and the board's resolution of this issue was, accordingly, reasonable and supported by substantial evidence (cf. *Matter of Pal [Levine],* 50 AD2d 1001, app dsmd 39 NY2d 1057). Similarly, the board's conclusion that claimant made willful false statements to obtain benefits is amply supported by the record. It is conceded that he was concerned about whether or not he should be receiving benefits while on work study, and, yet, there is evidence indicating that he concealed his employment from the local office and repeatedly certified that he had not worked on the days in question. Lastly, the determination that claimant was unavailable for employment should not be disturbed. His job efforts, as revealed by the record, were meager and casual, and he admits in his summary of interview that he had little time to seek employment because of his college classes and involvement with work study. Decision affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.