■ In the Matter of the Claim of STEWART DOUNN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 31, 1978, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits, effective April 7, 1978, because he voluntarily left his employment without good cause by provoking his discharge. Claimant was employed as a margin clerk by a securities brokerage company until April 5, 1978. In June, 1977 he was indicted by a Federal Grand Jury on 77 counts of mail fraud, securities fraud, conspiracy and the maintenance and submission of false business records. These charges resulted from conduct during claimant's prior employment as a margin supervisor with another securities firm. On April 5, 1978 he pleaded "no contest" to the specified charges. As a consequence of Securities Exchange Regulations and Federal laws disqualifying employees convicted of criminal acts from employment in the securities industry, claimant was deemed to have provoked his discharge. We have consistently held that the doctrine of provoked discharge is appropriately applied when, as here, an employee voluntarily engages in conduct which leaves the employer no choice but to discharge him (*Matter of Michael [Long Is. Coll. Hosp.—Ross],* 60 AD2d 438, mot for lv to app den 45 NY2d 708), and it is immaterial that the conduct resulting in the discharge was not in connection with the last employment (*Matter of Goldenthal [Levine],* 50 AD2d 658). Claimant's contention that the board's decision is violative of the Human Rights Law (Executive Law, § 296, subds 14, 15) is without merit. Where the bar to employment is imposed by law (see Correction Law, § 751), the provisions of the Human Rights Law are not applicable. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.