■ In the Matter of the Claim of JOAN J. SMITH, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 1980, which affirmed a decision of an Administrative Law Judge sustaining an initial determination of the Industrial Commissioner holding claimant to be ineligible for benefits for

two days each week during the benefit period because she was not totally unemployed for the two days of each week, charging her with recoverable overpayments of $957.50 and imposing a forfeiture of 328 effective days for willful misrepresentation to obtain benefits. During the period in question, claimant baby sat at the YMCA for children of persons enrolled in a physical fitness program. The program was scheduled for two days per week, although claimant testified that she "wasn't always there". The baby sitting usually lasted for about two hours each day of the program, and initially claimant received $5 each day she baby sat. The director of the YMCA characterized the payment as reimbursement of expenses, rather than wages. The $5 payment was ultimately discontinued at claimant's request. The question of whether a person is totally unemployed is a factual issue within the sole province of the board and its determination must be sustained if supported by substantial evidence *(Matter of Mantel [Ross],* 67 AD2d 786; *Matter of Brandau [Levine],* 52 AD2d 696; *Matter of Pal [Levine],* 50 AD2d 1001). Since there is testimony that claimant baby sat on a regular basis and received remuneration, there is substantial evidence to support the board's finding *(Matter of Staheli [Ross],* 60 AD2d 670). The fact that claimant voluntarily discontinued receiving reimbursement for her services does not affect this conclusion. Moreover, "The fact that services are performed without apparent compensation is not controlling" *(Matter of Lach [Catherwood],* 31 AD2d 663, 664). Turning to the issue of willful misrepresentation, we conclude that so much of the board's decision as ruled the overpayments recoverable and imposed a forfeiture of effective days must be reversed. Although claimant testified that she was familiar with the reporting requirements and that she marked her booklet in a manner indicating that she had done no work, she explained: "This was not work. This was something I love to do and I enjoy being with children and that's why I was there." Claimant also explained that any money she received from the YMCA was used to purchase supplies for the children. Under these circumstances, there is no evidence of any false statements or willful misrepresentation *(Matter of Staheli [Ross], supra;* see, also, *Matter of Duffy [Ross],* 78 AD2d 735; *Matter of Czarniak [Ross],* 60 AD2d 745). Decision modified, by reversing so much thereof as finds a willful misrepresentation to obtain benefits ruled to be recoverable and imposes a forfeiture of effective days, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.