■ In the Matter of the Claim of LEONARD V. GARROW et al., Appellants. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 18, 1979. The claimants are Chiefs of the United States Saint Regis Mohawk Tribe of Indians. Their regular employment is as ironworkers and they claimed benefits for periods when out of work at their regular employment. On June 20, 1977 the Industrial Commissioner issued initial determinations that as a result of their positions as chief they lacked total unemployment and a recovery of benefits paid based upon willful certifications of unemployment was sought. The Industrial Commissioner then issued initial determinations based upon ineligibility because of unavailability for employment. The board ruled that the title of chief and the services rendered "were not rendered as an employee, but were voluntary services similar to those rendered to a fraternal organization". Further, the board found that since there was no showing of "fraud or wilful misrepresentation, the local office had no authority to redetermine the benefits paid * * * more than a year prior to June 20, 1977". The board overruled and dismissed the further initial determinations based upon claimants being unavailable for employment. The board did, however, find that in conjunction with attendance at "meetings conducted pursuant to the Federal Indian Self Determination Act, and designed to improve the effectiveness of the tribal chiefs in directing the affairs of the tribe", for which each claimant was paid $25 per session, they were employed. The board modified the initial determinations of a lack of total unemployment whenever claimants attended those meetings and ruled that as to each meeting date *after* June 20, 1976 there was a recoverable overpayment because of a false certification "that he had done no work in employment or self-employment in any week in which he attended a meeting for which he was paid". The Industrial Commissioner has taken no appeal from the board's decision. The claimants upon this appeal contend that the board erred in finding that the meetings and payment constituted employment activities within the meaning of section 522 of the Labor Law. (All references hereinafter are to the Labor Law.) At the outset, it should be noted that we have considered the arguments of the claimants which in

effect seek a holding that the board was without jurisdiction either because of Federal considerations as to Indian reservations or because of Federal considerations as to "wages", and find such arguments are not applicable to this proceeding. The board's rationale for the finding as to the meetings is as follows: "The claimants were offered and accepted payment to engage in an extra activity, beyond the scope of their normal administrative activities as tribal chiefs." Section 591 requires that a claimant be "totally unemployed" as a condition of eligibility for benefits. Section 522 defines "total unemployment" as the "lack of any employment on any day". It further states: "The term 'employment' as used *in this section* means any employment including that not defined in this title." (Emphasis added.) In *Matter of Emery (Corsi)* (281 App Div 426, 427), the term employment as used in section 522 was defined as meaning "any work for profit or remuneration". The very narrow issue in this case is whether or not the record contains substantial evidence to support the implicit finding of the board that the meetings were work for profit or remuneration. The record establishes that the training program is open and persons selected as trainees "are people who have a lot to do with the tribe and who would be making decisions for the tribe as a whole". The claimants were "trainees" and the meetings or sessions were described by the witnesses as: "trying to get tribal leaders familiar with programs coming to the reservation so that they can use their leadership to guide the program * * * We try to get a handle on all programs work." There is a complete lack of evidence that would establish any necessity to attend the training sessions by virtue of being a chief. The sessions are informational in nature and, except for the requirement that one must attend the session held the first Saturday of each month to maintain eligibility as a trainee, there are no requirements for attendance. Finally, the remuneration was entirely unrelated to the sessions themselves, the stipend being solely for attendance (cf. *Matter of Richman [Ross]*, 67 AD2d 746 [work-study program]; *Matter of Staheli [Ross]*, 60 AD2d 670 [service performed for a minimal consideration]). If the gratuity paid could be deemed wages, there is no showing that it was in connection with the tribe as employer or with self-employment. The Federal program is administered by a director and his testimony indicated nothing whereby it would be said that the program is an employer of the trainees. The purpose of the program was to "inform" tribal leaders of available public and private grants, programs, etc. In this case we find no rational basis for the board's conclusion that the claimants lacked total unemployment because of the training sessions. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Casey and Herlihy, JJ., concur.