■ In the Matter of the Claims of MATTHEW GIORDANO et al., Appellants. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 7, 1981, which determined that (1) claimant Matthew Giordano was ineligible for benefits because he was not totally unemployed and not available for employment effective March 24, 1980 to August 17, 1980; (2) claimant Mark Giordano was also ineligible because he was not totally unemployed and unavailable for employment effective March 24, 1980 to June 22, 1980; (3) both claimants were overpaid $1,424.50 and $1,056, respectively, ruled to be recoverable; and (4) both willfully misrepresented to obtain benefits by reason of which a forfeiture of future benefits of 164 and 100 days, respectively, was imposed. Claimants, twin brothers, were employed as electricians in an industrial plant until March 24, 1980 when they were laid off due to lack of work. Both had also been working at a local gasoline station and claimed to have been laid off there on March 15, 1980. Although thereafter they no longer appeared on the station's payroll, they continued to perform services at the station throughout the period they were receiving unemployment benefits. Four or five days each week both pumped gas, changed tires, checked oil, and obtained and signed receipts for parts used by the station's mechanic in repairing vehicles. Additionally, Mark Giordano, an authorized motor vehicle inspector, also made four or five motor vehicle inspections for the station's owner. The evidence warrants the finding that they continued to perform essentially the same services for which they were formerly being paid. While they did not receive compensation in cash, they were permitted to use the station's facilities and tools to work on their own and family cars, had the benefit of mechanical advice from the owner and the station's mechanic regarding how to make repairs to those cars, and also had the use of the station's name to enable them to purchase parts for their own use at a discount. During the entire period they received benefits they failed to reveal to the unemployment office the services they were performing for the station and certified they had done no work at all. Since Mark made no in-person contacts to secure employment and Matthew made only two such contacts, there is substantial evidence to justify the determination that neither made sufficiently diligent efforts to satisfy the statutory requirement of availability for employment (*Matter of Knobloch* [*Catherwood*], 28 AD2d 765). A finding that they made willfully false statements is also amply supported in the record. Here, unlike *Matter of Valvo* (*Ross*) (83 AD2d 344), claimants' employment activities were far more than minimal, were compensated for and unmistakably constituted employment. As a consequence, the conclusion is justified that their weekly certifications of total unemployment were not innocently made, but were willfully false. Accordingly, the overpayments were properly directed to be refunded and the penalty imposed was appropriate. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.