■ In the Matter of the Claim of GILBERT E. ARNOLD, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 1984, which ruled that claimant was ineligible to receive benefits, charged him with a recoverable overpayment of benefits, and imposed a forfeiture of effective days as a penalty in reduction of future benefits.

On January 11, 1983, claimant filed an application for unemployment benefits, stating that his last employment terminated on January 1, 1983. Actually, for a considerable period of time prior to the application and during the time that he received unemployment benefits, he was working in Mark's Grill in the Town of Macedon, Wayne County, on a part-time, irregular basis. There was no formal arrangement for pay but he received in his words, from $2 to $5 to spend at the bar after finishing his work. At no time prior to the receipt of a notice of ineligibility did claimant acknowledge that he was employed in any capacity.

It appears to be well-settled law that financial gain from employment is not a prerequisite in determining whether an applicant is entitled to unemployment benefits (*Matter of Giordano [Ross],* 85 AD2d 824; *Matter of Smith [Ross],* 78 AD2d 961, 962; *Matter of Black [Ross],* 64 AD2d 995, 996, mot for lv to app den 46 NY2d 707). The board found that claimant was employed

throughout the period of time he received benefits and that he willfully and falsely made statements to the contrary. Whether a claimant is totally unemployed is a factual question for the board's determination (*Matter of Smith* [*Ross*], *supra*), as is the question of whether there has been a willful misrepresentation (*Matter of Murphy* [*Ross*], 83 AD2d 734, 735). The board's decision is supported by substantial evidence.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.