■ In the Matter of the Claim of RAYMOND STEED, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Main, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 24, 1985, which ruled that claimant was disqualified from receiving benefits because he had voluntarily left his employment without good cause and imposed a forfeiture of four effective days as a penalty in reduction of future benefits.

Claimant left his job as a machine operator after his supervisor instructed him to work at another machine from the one at which he was then working. According to claimant, when he refused to work on the other machine, his supervisor told him to go home and that there was no work for him. Thereafter, when claimant filed for benefits, in response to a written question on the claim form, he wrote that he was no longer working for his employer because of "no work". The Unemployment Insurance Appeal Board ultimately determined that claimant was disqualified from receiving benefits because he had voluntarily left his employment without good cause (Labor Law § 593 [1]) and imposed a forfeiture of four effective days because he had willfully misrepresented on his claim

form that the reason for his unemployment was "no work" (Labor Law § 594).

Whether a claimant has voluntarily left his employment without good cause is a question of fact to be resolved by the Board, and its determination, if supported by substantial evidence, will not be disturbed *(Matter of McEvoy [New York Tel. Co.—Roberts],* 89 AD2d 1049). Here, the Board concluded that claimant acted unreasonably in not working at the other machine, as he had been instructed, until the matter could be resolved and in failing to take steps to protect his job after he left work that day. In our view, claimant provoked his supervisor by not following his instructions. Accordingly, there is substantial evidence to support the Board's determination that claimant voluntarily left his employment *(see, Matter of Dounn [Ross],* 71 AD2d 746).

We reach a contrary conclusion, however, with regard to the Board's imposition upon claimant of a forfeiture of effective days because he made a willful misrepresentation on his claim. With regard to the circumstances under which claimant left his job, the record is clear that claimant was told to go home and that there was no work for him. Under these circumstances, it was reasonable for claimant to answer "no work" on his claim form in response to a question regarding the reason for his unemployment. There is absolutely no evidence in the record that claimant knew he was making a misrepresentation in filling out the form. Accordingly, there is no rational basis for finding that claimant acted willfully *(see, Matter of Valvo [Ross],* 83 AD2d 344, 346, *affd* 57 NY2d 116).

Decision modified, without costs, by reversing so much thereof as found a willful misrepresentation to obtain benefits and imposed a forfeiture of effective days, and as so modified, affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.