■ In the Matter of the Claim of Hezekiah E. Baker, Appellant. Thomas F. Hartnett, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 1988, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a truck driver for approximately two weeks in September 1987. There is a factual dispute

between claimant and the employer over what occurred on Monday, September 14, 1987, at 9:00 A.M. The employer testified that claimant refused to work that Monday morning, despite previously agreeing to do so, and asked for his pay check, which the employer construed as meaning that claimant was quitting his job. Claimant, however, testified that the employer came to his house that morning, three hours before he was supposed to begin working at noon, and demanded that claimant begin working immediately. When claimant refused, the employer allegedly fired him. Claimant applied for unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board determined that claimant was disqualified from receiving benefits, effective September 15, 1987, because he voluntarily left his employment without good cause. This appeal ensued.

There must be an affirmance. Clearly, "[w]hether a claimant has voluntarily left his employment without good cause is a question of fact to be resolved by the Board, and its determination, if supported by substantial evidence, will not be disturbed" *(Matter of Steed [Roberts],* 115 AD2d 166, 167). Here, the Board credited the employer's testimony that claimant refused available work for personal and noncompelling reasons and asked for his pay check. Although evidence to the contrary was presented in this case, the Board, based on the foregoing, could rationally conclude that claimant voluntarily left his employment without good cause while work was still available *(see, Matter of Behnke [White Carriage Corp.—Roberts],* 97 AD2d 679; *Matter of Jacobson [Catherwood],* 20 AD2d 733). It is well settled that it is for the Board to resolve conflicts in the evidence and assess the credibility of witnesses *(see, Matter of Noss [Lawrence Aviation Indus.—Roberts],* 133 AD2d 510, 511, *lv denied* 71 NY2d 802). At best, claimant's arguments establish the existence of substantial evidence which would have supported a Board decision in his favor, but this provides no reason to disturb a contrary Board decision which is also supported by substantial evidence *(see, Matter of Wigutow [Roberts],* 138 AD2d 817).

Decision affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.