In the Matter of the Claim of PAMELA M. PHILLIPS,

Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 23, 1988.

Claimant contends that the Unemployment Insurance Appeal Board's decision, which found that she voluntarily left her employment without good cause, must be reversed due to procedural errors. She claims that the employer changed its position during the hearing, denying her an opportunity to prepare an adequate response and causing confusion. The form filed on behalf of the employer with the local office states that claimant quit her job with "no show or call". At the hearing, the employer's witnesses testified that claimant resigned due to her dissatisfaction with the salary offered as part of a reorganization which resulted in claimant's promotion. When claimant objected to this apparent change in the employer's position, the Administrative Law Judge (hereinafter ALJ) asked claimant if she wanted an adjournment or if she would waive the objection and proceed with the hearing. Claimant elected to proceed and thereby waived the objection. We see no error in this procedure.

Next, claimant contends that the ALJ improperly denied her request to subpoena various witnesses. The critical events surrounding claimant's decision to leave her employment occurred during one or two meetings attended by claimant, her immediate supervisor and the divisional director. After the latter two individuals testified on behalf of the employer, claimant sought to subpoena various people who, according to claimant, would testify as to what she told them after the meetings. The ALJ correctly concluded that this testimony would be irrelevant since none of the requested witnesses was present at the meetings and claimant testified as to her version of the events. Claimant also contends that her rights were violated by untimely written submissions to the Board by the Commissioner of Labor and the employer, but the Board's decision is based upon its resolution of the credibility issue raised by the conflicting evidence presented at the hearing, not upon any material presented in the submissions, which consisted only of arguments.

As to the substantial evidence questions, there is sufficient evidence in the record to support the Board's finding that claimant quit her employment due to dissatisfaction with the salary which she was offered for a new position that may have entailed some additional responsibility. The question of whether claimant had good cause for leaving her employment was for the Board and its decision will not be disturbed in

these circumstances *(see, Matter of Tubito [Levine],* 53 AD2d 730; *Matter of Keefe [Levine],* 50 AD2d 1002).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.