■ In the Matter of the Claim of PAULINE WACHER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 7, 1990, which inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant quit her job as a part-time secretary because she could not comply with the employer's policy that she refrain from smoking in the office. This policy came as a result of the fact that one of the officers of the corporation, whose office was next to claimant's office, had developed a health problem which would have been aggravated by smoking. Claimant testified that, even when there was no nonsmoking policy, she would leave the office and go to the street level to smoke when others came in. There is no indication that claimant could not still do this when she wanted to smoke. It is also clear that had claimant chosen to abide by this policy, she would still be working. Consequently, the determination that claimant left her employment for personal and noncompelling reasons when work was still available is supported by substantial evidence and must be upheld (see, Matter of Baker [Hartnett], 147 AD2d 790; see also, Matter of Nonnon [Ross], 74 AD2d 943, 943-944). Furthermore, there is substantial evidence in the record to support the decision that claimant willfully made false statements to obtain benefits (see, Matter of Muller [Levine], 50 AD2d 1005, lv denied 40 NY2d 806) and that the benefits were recoverable (Labor Law § 597 [4]).

Mikoll, J. P., Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.