■ In the Matter of the Claim of SUSAN SAWASTYNOWICZ, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 1990, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a secretary in a real estate office, quit her job when she learned that her employer submitted a competing bid in the name of his mother-in-law for the purchase of real property for which claimant and her sister had entered a bid. Claimant contends that, as a result of her employer's conduct, she felt that she was not treated with dignity and respect and, therefore, she had good cause to leave her employment. We find, however, that there is substantial evidence to support the conclusion of the Unemployment Insurance Appeal Board that personal and noncompelling reasons caused claimant to quit her job while work was still available, thus disqualifying her from receiving unemployment insurance benefits (see, Matter of Sillan [French Tel. Cable Co.—Levine], 53 AD2d 719; Matter of Logan [Levine], 52 AD2d 679, lv denied 39 NY2d 709). In addition, dissatisfaction with or not getting along with one's boss does not constitute good cause for leaving one's employment (see, Matter of Grossman [Levine], 51 AD2d 853; Matter of Snapperman [Levine], 50 AD2d 1029). To the extent that the testimony of claimant and her employer differ with respect to the circumstances leading up to claimant's resignation, a credibility question was presented which was within the sole province of the Board to resolve (see, Matter of Baker [Hartnett], 147 AD2d 790, 791, appeal dismissed 74 NY2d 714).

Weiss, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.