■ In the Matter of the Claim of ANGELINA M. DE GUZMAN, Appellant. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 2, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a high school special education teacher in New York City. On or about January 11, 1991, claimant was advised that she might not be rehired for the spring 1991 term due to budgetary constraints and contract negotiations. Nevertheless, at two meetings held at the end of January 1991, at which claimant was admittedly present, all teachers were told to report to work on February 1, 1991 for the beginning of the spring term. Claimant admitted that on that date, she received a phone call from an assistant principal at the school asking her to report to work. When claimant was advised that she would be assigned to a particular program each day by the assistant principal of administration, she stated that she would not report for work unless she had her own scheduled classes. Claimant was ultimately disqualified from receiving unemployment insurance benefits based upon the Unemployment Insurance Appeal Board's determination that she had voluntarily left her employment without good cause.

"Whether a claimant has voluntarily left his [or her] employment without good cause is a question of fact to be resolved by the Board, and its determination, if supported by substantial evidence, will not be disturbed" (Matter of Steed [Roberts], 115 AD2d 166, 167). On the record before us, there is substantial evidence to support the Board's conclusion that claimant refused to continue working under circumstances which were the same or similar to those she had previously experienced and that she therefore voluntarily left her job without good cause (see, Matter of Baker [Hartnett], 147 AD2d 790, appeal dismissed 74 NY2d 714). As we have previously observed, "general dissatisfaction with job conditions is not a valid excuse to terminate employment and receive benefits" (Matter of Wigutow [Roberts], 138 AD2d 817). We have examined claimant's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.