■ In the Matter of the Claim of TALAKKOTTUR R. DAVID, Appellant. JOHN F. HUDACS, as Commissioner of Labor of the State of New York, Respondent. [598 NYS2d 108] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 9, 1992, which, upon reconsideration, adhered to its prior decision ruling, *inter alia,* that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

After having an argument with one of the partners in the law firm where he worked as a legal secretary, claimant informed the other partner that he could not work there

anymore and that he would just finish out the week. That partner testified that he considered claimant's remarks to be a resignation and he therefore gave claimant his last check at the end of the week. Although claimant admitted that he had an argument with one of the partners, he denied that he quit or gave a final date of employment. Claimant alleges that he was discharged because the law firm had lost a substantial amount of its business and his services were no longer needed. The conflicting testimony given by claimant and his employer presented a question of credibility which was within the exclusive province of the Unemployment Insurance Appeal Board to resolve and its determination, if supported by substantial evidence, will not be disturbed *(see, Matter of Baker [Hartnett],* 147 AD2d 790, *appeal dismissed* 74 NY2d 714; *Matter of Nunes [Roberts],* 98 AD2d 934). Here, the Board credited the employer's testimony. Although evidence to the contrary was presented by claimant, the Board could rationally conclude that claimant's employment ended due to his failure to get along with his employer, something that does not constitute good cause for leaving one's job *(see, Matter of Grossman [Levine],* 51 AD2d 853). We also find that claimant was not denied his right to due process by the Administrative Law Judge's ruling denying his request to subpoena various witnesses and documents *(see, Matter of Phillips [Hartnett],* 161 AD2d 1067, 1068). Under the circumstances, substantial evidence exists to support the Board's decision that claimant voluntarily left his job without good cause and it must therefore be upheld *(see, Matter of Steed [Roberts],* 115 AD2d 166, 167; *Matter of Sillan [French Tel. Cable Co.—Levine],* 53 AD2d 719).

Yesawich Jr., J. P., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.