■ In the Matter of the Claim of MARY L. SARPOLIS, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [599 NYS2d 658] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a secretary for a janitorial supply company. On her last day of work, claimant was reprimanded by the office manager for telling a salesperson that she thought the company's president was mad at her for her absence the previous day. Claimant and the office manager then had an argument after which claimant left. Claimant testified that she had difficulties with the office manager for a year prior to her departure. It has been held that

inability to get along with a supervisor does not constitute good cause for leaving one's employment *(see, Matter of Grossman [Levine],* 51 AD2d 853; *Matter of Snapperman [Levine],* 50 AD2d 1029). Although claimant testified that she considered herself fired because the office manager yelled at her and told her to get out, she admitted at the second hearing that she told the president that she quit. Both the office manager and the president testified that claimant told them that she was quitting. The salesperson, who was in the car with the president as claimant was leaving the premises, verified that claimant said that she was quitting. Under the circumstances, we find substantial evidence to support the conclusion of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment for personal and noncompelling reasons, thus disqualifying her from receiving unemployment insurance benefits *(see, Matter of Sillan [French Tel. Cable Co. —Levine],* 53 AD2d 719; *Matter of Logan [Levine],* 52 AD2d 679, *lv denied* 39 NY2d 709). Claimant's remaining contention has been considered and rejected as lacking in merit.

Weiss, P. J., Yesawich Jr., Levine, Mercure and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.