■ In the Matter of the Claim of ROBERTA E. STANTON, Appellant. COMMISSIONER OF LABOR, Respondent. [737 NYS2d 700] —Spain, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 22, 2000, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

The record establishes that during the applicable benefit

periods, claimant co-owned a store where customers could purchase and paint plaster figurines. The certificate of doing business and the insurance coverage were in claimant's name as was the business's checking account. Claimant often appeared at the store during the relevant benefit periods and signed checks to cover business expenses. In addition, she claimed a deduction on her personal income tax return for losses engendered by the operation of the business and stated on the return that she had "materially participated" in the business. Nevertheless, claimant repeatedly certified in her claims for unemployment insurance benefits that she was not employed or self-employed during the benefit periods at issue. The Unemployment Insurance Appeal Board found that claimant was not totally unemployed and denied her claim for benefits.

"Whether a claimant is totally unemployed is a factual question for the [B]oard's determination * * *, as is the question of whether there has been a willful misrepresentation * * *" (*Matter of Arnold [Roberts]*, 104 AD2d 685, 686 [citations omitted]; *see, Matter of Di Giacomo [Hudacs]*, 183 AD2d 1095). Under the circumstances presented here, substantial evidence supports the decision of the Board that claimant was not totally unemployed during the period when she was collecting unemployment insurance benefits and that she had made willful false statements to obtain them (*see, Matter of Forsythe [Commissioner of Labor]*, 277 AD2d 588; *Matter of Ours [Commissioner of Labor]*, 268 AD2d 669; *Matter of Brenenstuhl [Hartnett]*, 173 AD2d 993). This Court has held that a claimant's active participation in an ongoing business may sustain a finding that the claimant was not totally unemployed even if the claimant's business-related activities were minimal or unremunerative (*see, Matter of Berzon [Commissioner of Labor]*, 285 AD2d 784, 785; *Matter of Marschke [Sweeney]*, 243 AD2d 980, 981).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs. [As amended by unpublished order entered June 10, 2002.]