■ In the Matter of the Claim of CLAIRE JURIS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— COOKE, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 2, 1969, which ruled claimant ineligible for benefits effective September 9, 1968 on the ground that she was not available for employment (Labor Law, § 591, subd. 2), and, also, imposed a forfeiture of four effective days as a penalty in reduction of claimant's future benefit rights, on the ground that she willfully made false statements to obtain benefits (Labor Law, § 594). Whether a claimant's efforts to secure employment are sufficiently diligent to satisfy the statutory requirement of availability is a question of fact and, if supported by substantial evidence, the board's determination must be upheld (*Matter of Lunney [Catherwood],* 32 A D 2d 864; *Matter of Guilshan [Catherwood],* 32 A D 2d 707; *Matter of Knobloch [Catherwood],* 28 A D 2d 765). Here, claimant testified that she did not look for work beginning September 9, 1968 because she was not feeling well and, in addition, had been promised a job with another employer and was waiting to hear from it. It appears, also, that she signed statements indicating that she had not sought work since said date. Claimant, in completing a form on September 10, 1968, answered negatively a question inquiring as to whether or not she had applied for social security benefits whereas, in truth and according to her own testimony, she had applied for such benefits several weeks previously and, in fact, had received two payments prior to completing the questionnaire. If a claimant certifies to a false fact knowing that it is false, the statute authorizes the forfeiture regardless of claimant's interpretation of the ultimate effect of the false statement (*Matter of Vick [Catherwood],* 12 A D 2d 120; *Matter of Bernstein [Corsi],* 278 App. Div. 625, affd. 303 N. Y. 755). The determination of whether a misrepresentation is willful being factual and within the exclusive province of the board if supported by substantial evidence (*Matter of Worms [Catherwood],* 28 A D 2d 1188; *Matter of Clemente [Catherwood],* 27 A D 2d 676), there was ample support in the instant record for the decision rendered. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.