■ In the Matter of the Claim of DOROTHY A. SIMS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she lost her employment through her own misconduct. There is substantial evidence in the record to support the board's finding of misconduct based upon the proof that the claimant committed an unprovoked assault by striking her coemployee with her fist. Such a determination is a factual one, within the province of the board, and must be sustained where, as here, it is supported by substantial evidence *(Matter of Lester [Catherwood]*, 30 AD2d 1025). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of VERONICA C. KLEIGERMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 1, 1974, which affirmed a decision of the referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that she voluntarily left her employment without good cause. The board's determination of good cause is factual and, since it is supported by substantial evidence, must be affirmed (e.g. *Matter of Wilensky [Catherwood]*, 33 AD2d 830; *Matter of Imre [Catherwood]*, 27 AD2d 970). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of EARLE E. STYRES, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 1974, which adopted and affirmed a referee's decision sustaining revised initial determinations of the Industrial Commissioner that the claimant had received benefits for which he was ineligible and which were recoverable and, further, that the claimant willfully made false statements to obtain benefits for which a forfeiture of future benefit rights was imposed. The claimant does not dispute that, in accepting benefits for various weeks between September 2, 1968 and September 30, 1972, he was being overpaid because he was actually working two days in each of such weeks which he did not report by proper notations upon his employment booklet. The claimant contended that he did not report the employment because of information which he had been given by interviewers when he reported to his local office. The claimant's excuse presented issues of credibility for the board and the board's decision is supported by substantial evidence. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.