of 1965, but was again hospitalized in April, 1965, complaining of back pain. Petitioner again returned to work in July, 1965 and continued on regular assignment until December, 1971 when the severity of his pain caused him to go on sick leave. Petitioner has not worked in the police department since December 16, 1971. On July 27, 1972 petitioner filed an application for accidental disability retirement. The application was disapproved by the Comptroller, whereupon petitioner made a timely request for a hearing and redetermination. Pursuant to the request, hearings were held which led to a final determination by the Comptroller on April 5, 1974 disapproving petitioner's application. In this proceeding, petitioner contends that the Comptroller's finding that petitioner is not disabled as a proximate result of the accident on October 5, 1964 is not supported by substantial evidence. We disagree. While two physicians testified on petitioner's behalf that there was a causal relationship between the accident and petitioner's present disability, a contrary opinion was offered by Dr. Rovit, who did examine the petitioner and his hospital records. Dr. Rovit's opinion was based on specific physical findings, the fact that there was no specific complaint of back or lower extremity pain during his initial hospital stay in 1964, and the absence of any evidence of pathology as the result of a myelogram performed in May of 1965. Petitioner contends that Dr. Rovit's testimony is inadequate in that it does not take into account the result of a myelogram performed in 1973, subsequent to Dr. Rovit's examination of petitioner. However, Dr. Rovit testified, in effect, that the 1973 myelogram is not satisfactory evidence of facts other than petitioner's condition in 1973, that it does not help to establish causal relationship between the 1964 accident and petitioner's condition when he retired in 1971, and that in any event the condition diagnosed by the 1973 myelogram was the result of osteoarthritic degeneration. "The conflict of medical testimony presented a factual issue and we conclude that the record taken as a whole contains substantial evidence to substantiate the respondent's conclusion. Consequently, we must not disturb it." (Matter of Cunningham v Levitt, 40 AD2d 915, 916.) Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of VALERIE A. MC DERMOTT, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1975, which affirmed a decision of a referee which sustained initial determinations of the Industrial Commissioner holding claimant ineligible to accumulate any effective days in the statutory weeks ending on April 28, 1974 and June 9, 1974 because she had earnings in excess of $75 in each of those statutory weeks; holding claimant ineligible for benefits on May 23 and 24 because she was paid for vacation days for which no benefits are payable; charging claimant with an overpayment of $41.25 in benefits ruled to be recoverable; and holding that claimant willfully made false statements to obtain benefits by reason of which a forfeiture of 20 effective days were imposed in reduction of her future benefit rights. Claimant's assertions that her false certifications, which resulted in payments to her which were unauthorized under sections 523 and 591 of the Labor Law, were innocent errors and in no manner willful misrepresentations, raised questions of fact and credibility which are for the board to determine, and its determination must be upheld when supported by substantial evidence (Matter of Roth [Catherwood], 34 AD2d 1081; Matter of Juris [Catherwood], 33 AD2d 852). The record provides such evidence, and we must affirm. Decision affirmed,

without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.