■ In the Matter of the Claim of LARRY OSTER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 10, 1975, which adopted and affirmed a referee's decision sustaining initial determinations of the Industrial Commissioner that the claimant was ineligible for benefits effective April 30, 1974 because he was not available for employment and/or was not totally unemployed; that the benefits received were recoverable ($1,991.25) and that he had willfully made false statements for which a forfeiture of 95 effective days was imposed. The claimant lost his employment as a purchasing agent on April 18, 1974. Prior to the loss of employment the claimant's wife on March 27, 1974 entered into an agreement whereby she was to become the operator of an eating establishment. The record contains evidence that the claimant had considered himself a partner with his wife in the venture and it was their joint money that was invested. The checking account for the business authorized the claimant and his wife to sign checks and he wrote several checks on the account. The record contains substantial evidence to support the finding that he was not totally unemployed during the period in question. The business enterprise failed and went into bankruptcy shortly before the hearings held herein. The claimant, however, had made only minimal efforts to find other employment both while the eating establishment was in operation and as of the hearing. He made no assertion that he contacted all of the potential employers having work for which he was suited and, accordingly, there is substantial evidence to support the finding that he was also unavailable for employment during the period in question. There can be no question but what the claimant was overpaid benefits as he was not totally unemployed during the period in issue. The recovery of these benefits as well as the forfeiture of effective days, however, depend upon the further finding that he made willful misrepresentations to obtain benefits. The business operation was actually run by the claimant's wife insofar as the everyday service of customers was concerned. The record contains an affidavit by a former employee of the business which recites various activities performed by the claimant at the business premises in connection with everyday operations. This affidavit, however, was hearsay, the claimant denied its factual allegations as to business activities on his part, and the referee appears to have

held that it was not to be considered as evidence. Neither the board in its decision nor the referee in his decision made any further reference to the particular affidavit. The claimant spent about 10 hours per week regularly at the business premises and on occasions he might run an errand during that time. With the exception of such errands there is no evidence that he was at the premises for actual employment purposes during the 10-hour period. It is established that there were four or five days during the period at issue when his wife was unable to work and so he operated the business on those days *and* duly certified that he was employed on those days to the local office. The record unequivocally establishes that when the claimant filed his original claim for benefits on or about April 29, 1974 he advised the local office in the claim form that he was engaged in a business or other activity that either brings in or might bring in income. The representative of the Industrial Commissioner apparently made no inquiries as to the business activity and it is apparent that he was never interviewed in regard thereto until August 16, 1974. At that time he fully disclosed his investment in the business; that he worked there to take his wife's place when she was unable to work and the interviewer noted that there was a possible eight-hour attachment to the business but that there was in his opinion not enough self-employment to find him not totally unemployed. A complete statement was taken by an unemployment insurance investigator from the claimant on September 26, 1974 and the initial determination of willful misrepresentation was not issued until November 30, 1974 during which time further certifications as to employment had been accepted from the claimant. The board adopted the findings of fact of the referee. The referee in his decision made no mention of the disclosures to the administrative officials set forth hereinabove and his finding that the claimant never disclosed his interest on "each reporting day" is not only unsupported by substantial evidence, it is erroneous. Even the most cursory review of the record shows the disclosure set forth above. Furthermore, the record establishes that at least on one reporting day (Aug. 16, 1974) the proper representative knew of at least an eight-hour attachment to the business per week and as of September 26, 1974 the commissioner knew the full extent of his activities insofar as the same were later established at the referee hearing. The referee found that the claimant knew his certification to be false. The only evidence in the record, however, establishes that from the beginning the office knew he had a current activity which was either producing income or expected to produce income. That he was *probably* not totally unemployed and not eligible for benefits as the law had been construed by the Industrial Commissioner, the Unemployment Insurance Appeal Board and the courts should have been immediately recognized by the representatives of the Industrial Commissioner. To sustain the finding of a willful false misrepresentation upon this record would ignore the reality that the Industrial Commissioner's representatives are supposed to know and apply the nuances of "total" unemployment when claimants might not understand the implications of their forthright disclosures. It is well established that a claimant has a duty to make a full disclosure of relevant facts; however, the record establishes that this was done when the initial claim was filed. In the face of his acknowledgement that he had an income producing activity (actual or potential), benefits were granted. He again disclosed on August 16, 1974 enough involvement in a business activity to justify a denial of benefits, but the local office determined he was eligible. The present record contains no substantial evidence which would support a finding of willfulness on the part of the claimant as to his certification of

total unemployment. While ordinarily the issue of willfulness in a question of fact for the board, there must be substantial evidence to support its finding. (See, e.g., *Matter of Juris [Catherwood]*, 33 AD2d 852.) The mere fact of a false entry in the insurance booklet with knowledge of facts indicating employment is usually sufficient to create an issue of fact for the board, but the evidence in the present record establishes conclusively that there was no withholding of factual information and the claimant at all times disclosed the required information. Decision modified, by striking so much thereof as finds a willful misrepresentation to obtain benefits and imposes a forfeiture of effective days and that benefits paid are recoverable; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to claimant. Koreman, P. J., Greenblott, Kane and Herlihy, JJ., concur; Reynolds, J., dissents and votes to affirm in the following memorandum. Reynolds, J. (dissenting). There is no question that claimant was not totally unemployed and, therefore, not entitled to benefits. The question of willfulness is a question of fact and where, as here, substantial evidence supports the board's determination, it should be affirmed.