■ In the Matter of the Claim of SIGRID DALLAND, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 22, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective June 19, 1975 because she voluntarily left her employment without good cause and holding that claimant willfully made a false statement to obtain benefits by reason of which a forfeiture of four effective days was imposed as a penalty in reduction of her future benefit rights. Claimant, a six-year employee of the New York City Public School System, on June 18, 1975, refused to follow lawful orders of her immediate superior to scrape gum off classroom floors and to close classroom windows. She became insubordinate and struck her superior several times on the hand. Initially,

claimant was fired but before her discharge was implemented a meeting between her union representative and her employer resulted in a compromise. Claimant was to remain in her present position until September 30, 1975, at which time she would be transferred to another school. Claimant was so informed but chose not to continue to work under that arrangement. Thereafter, she made a false statement, since she knew she could have worked until September 30, 1975, that she had been fired in order to qualify for benefits. Since all parties who testified agreed that a compromise agreement had been reached whereby claimant could continue working, the issue of whether her leaving her employment was without good cause is factual, supported by substantial evidence in the record and cannot be disturbed (*Matter of Famulare [Catherwood]*, 34 AD2d 705; *Matter of Rubinstein [Catherwood]*, 33 AD2d 950). The issue of willful misrepresentation is factual and there is substantial evidence in the record to the effect that claimant knew she could have continued work at her last place of employment until September 30, 1975. The board's determination in this regard must be upheld (*Matter of Juris [Catherwood]*, 33 AD2d 852). Decision affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.