■ In the Matter of the Claim of ARTHUR M. SAYPOL, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 8, 1975, which affirmed the decision of a Referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because he was not totally unemployed; charging him with an overpayment in benefits ruled to be recoverable; and holding that he willfully made false statements to obtain benefits by reason of which a forfeiture of effective days was imposed as a penalty in reduction of future benefit rights. Claimant had been a stockholder and vice-president of United Lawyers Service, Inc., for many years. Following his disability retirement from the Internal Revenue Service in 1972, he continued his association with United, but filed for unemployment insurance benefits during the periods he was not residing in Florida. When residing in this State, and receiving benefits, he generally worked at United's New York City office one day each week. Substantial evidence supports the board's determination that claimant was not totally unemployed. While limited employment may not always result in total disqualification *(see* Labor Law, §§ 523, 527), it is plain that claimant was compensated on an annual basis, receiving payments while in Florida, and was not merely working on a daily basis. The fact that he made no claim for benefits while residing in Florida has no bearing on the reality of his employment status. However, we agree with claimant that there is no substantial evidence he willfully made false statements to obtain benefits. Claimant testified he advised respondent's representatives of his participation in United's affairs when first applying for benefits and, while the board might have rejected that account on the basis of his credibility, the record contains the original form utilized for that purpose showing his affirmative responses to questions dealing with corporate connections and activities which might generate income. Thereafter, claimant consistently reported the number of days he worked at United and there is no assertion that he

understated the extent of those efforts. Furthermore, such interviews between claimant and respondent's representatives as were preserved in this record demonstrate a forthright disclosure of his involvement with that entity. Since nothing appears to the contrary, that portion of the decision holding the benefits paid recoverable and imposing a penalty cannot be permitted to stand *(Matter of Oster [Levine]*, 53 AD2d 740 [June 10, 1976]). Decision modified, by striking so much thereof as finds a willful misrepresentation to obtain benefits and imposes a forfeiture of effective days and holds that benefits paid are recoverable; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Koreman, P. J. Sweeney, Kane, Mahoney and Larkin, JJ., concur.