■ In the Matter of the Claim of FIORELLO TODINO, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 1976, which held claimant ineligible to receive benefits because he was not totally unemployed; charged him with an overpayment in benefits ruled to be recoverable; and held that he willfully made false statements to obtain benefits by reason of which a forfeiture of 80 effective days was imposed. Since the record contains substantial evidence to support the finding that claimant was not totally unemployed during the period in issue, there can be no question but what the claimant was overpaid benefits during that period amounting to $3,230. The recovery of these benefits as well as the

forfeiture of effective days, however, depend upon a further finding that he made willful misrepresentations to obtain benefits *(Matter of Oster [Levine],* 53 AD2d 740; *Matter of Saypol [Ross],* 53 AD2d 1003). Claimant, an operating engineer, is the president and sole stockholder of a corporation engaged in excavating work. The corporation was unable to obtain any work after November, 1974, and in January, 1975 claimant applied for unemployment insurance benefits which were paid to him effective January 13, 1975 through September 14, 1975. During this period he was seeking work both for the corporation and himself and continued to maintain the equipment required for excavation work, which was owned by the corporation, in case any work became available. In his application for benefits the claimant answered in the negative the question "do you have any business or are you engaged in any other activity that brings in or may bring in income?" Additionally, in his weekly reporting claimant placed the letter "N" in his unemployment insurance booklet which signifies that he did no work at all on the days marked. The board found that by these answers claimant was making willfully false statements to obtain benefits; that he was aware at the time he filed his initial application that he was the sole owner of a corporation which might well bring in income, and he was also aware when he placed "N" in his booklet that he was actively attempting to find business on behalf of the corporation. The board concluded that the overpayment in the amount of $3,230 is recoverable and must be repaid by the claimant because of his willful misrepresentation and failure to make full disclosure. We do not agree. The record establishes that when the claimant first applied for benefits he stated that he worked for a corporation of which he was an officer; that he expected to go back to work for the corporation but did not know how soon; that he was a member of the operating engineers union; and that the corporation was not engaged in any business at that time due to the lack of any work. Shortly thereafter, on February 3, 1975, and before any benefits were paid, claimant was interviewed by a representative of the Industrial Commissioner. He again stated on the interview that he was the president and sole owner of the corporation whose business operations had ceased because no work was available, and that he was unemployed due to lack of work. On the interview the claimant also stated that he did not know when he would resume operations; that he would be ready to conduct business at any time, but the chances of obtaining work in the immediate future were slim. Claimant also stated that he had been advised that he must report any work he performed after payments of benefits were commenced. Under similar factual circumstances we stated that "To sustain the finding of a willful false representation upon this record would ignore the reality that the Industrial Commissioner's representatives are supposed to know and apply the nuances of 'total' unemployment when claimants might not understand the implications of their forthright disclosures. It is well established that a claimant has a duty to make a full disclosure of relevant facts; however, the record discloses that this was done when the initial claim was filed." *(Matter of Oster [Levine], supra,* p 741.) In the face of his acknowledgement that he had a potential income producing activity, and of his disclosure of enough involvement in a business activity to justify denial of benefits the local office determined he was eligible to receive benefits. In fact payment of benefits continued for a period of approximately eight months after the disclosure of his activities before a determination was made that claimant was not eligible to receive them and was required to repay them. We note that the delay in making such a determination, through no fault of the claimant, was characterized

by the referee as "unconscionable" and has resulted in an overpayment much larger than it should have been. While ordinarily the issue of willfulness is one of fact for the board, there must be substantial evidence to support its finding. On this record a finding of willful misrepresentation on the part of the claimant as to his certification of total unemployment cannot be sustained. "The mere fact of a false entry in the insurance booklet with knowledge of facts indicating employment is usually sufficient to create an issue of fact for the board, but the evidence in the present record establishes conclusively that there was no withholding of factual information and the claimant at all times disclosed the required information." *(Matter of Oster [Levine], supra,* p 742.) Accordingly, we conclude that that portion of the board's decision holding the benefits paid recoverable and imposing a penalty cannot be permitted to stand *(Matter of Oster [Levine], supra; Matter of Saypol [Ross], supra).* Decision modified, by striking so much thereof as finds a willful misrepresentation to obtain benefits and imposes a forfeiture of effective days and that benefits paid are recoverable; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Mikoll and Herlihy, JJ., concur; Larkin and Main, JJ., dissent and vote to affirm in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. There is no question but that claimant was not totally unemployed and, therefore, not entitled to the benefits he received. The majority contend that there is no substantial evidence to support the board's finding of willfulness. We disagree. While the claimant may have initially made a full and honest disclosure of the relevant facts as the majority find, he later denied that he had worked during the period in issue when, in fact, he had performed services for his corporation. Moreover, he failed to report and disclose the receipt of substantial moneys or their equivalent from the corporation during the period, including a check for over $500 used to pay for the care and maintenance of his boat. This unchallenged testimony, in our view, provided substantial evidence to support the board's decision. In *Matter of Oster (Levine)* (53 AD2d 740, 742), relied upon by the majority, a vastly different factual situation prevailed in that "the evidence in the * * * record establishes conclusively that there was no withholding of factual information and the claimant *at all times disclosed the required information"* (emphasis added). The decision of the board should be affirmed.