■ In the Matter of the Claim of MARJORY A. BOYD, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 1976, which affirmed the decision of a referee sustaining the initial determinations of the Industrial Commissioner (1) holding claimant ineligible to receive benefits three days per week effective June 5, 1972 through October 29, 1972 and four days per week from October 30, 1972 through December 3, 1972 because she was not totally unemployed; (2) charging claimant with an overpayment ruled to be recoverable; and (3) holding claimant willfully made false statements to obtain benefits by reason of which a forfeiture of 216 effective days was imposed as a penalty in reduction of future benefit rights. Claimant, who had been continuously employed for over 40 years, retired because of age during May, 1972. She immediately filed a claim for unemployment benefits and received 26 consecutive weekly payments. Claimant alleged that she was totally unemployed and available for work in each of the weeks for which she received benefits. During part of that time, however, claimant had been receiving $100 per month for services rendered to a credit union in its dissolution. She did this work at home. Claimant also performed services during the payment period for a credit union which was in the process of organizing. Claimant was advised by the second credit union that she would not be remunerated for those services until sometime in the future, if at all. The board found that the claimant worked at the second credit union for two days a week, for a total of 9 or 10 hours a week. The board also found that claimant did receive some payment from this

credit union, although claimant alleges that some of the payments were reimbursement for travel expenses. In addition, the board found that claimant had received a real estate license during the benefit period and had spent several afternoons a week doing "floor time" at a real estate office. Claimant did receive payments on the sale or listing of real estate transactions, but it is not clear as to whether those operations took place during the benefit period. On this appeal, the court is limited to the review of whether or not there is substantial evidence to support the board's determination (*Matter of Loeber [Levine],* 51 AD2d 606). The record supports the board's determination that the claimant's activities were very time-consuming, to the extent that she could be found to have lacked total unemployment. The board found significance in the fact that claimant brought none of the activities hereinabove recited to its attention. Because the question of willful misrepresentation is one of fact, the resolution of which is the sole responsibility of the board if supported by substantial evidence, we conclude the determination of willful misrepresentation must be affirmed (*Matter of Juris [Catherwood],* 33 AD2d 852). It appears, and respondent concedes, however, that as to the last five weeks of the benefit period for which claimant was charged with four effective days of overpayment per week the amount of overpayment charged should be reduced to three days per week. Decision modified, so as to reduce the number of effective days per week of overpayment during the benefit period October 30, 1972 through December 3, 1972 to three days per week; matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Main, and Larkin, JJ., concur; Mikoll, J., dissents and votes to modify in the following memorandum. Mikoll, J. (dissenting). I would modify the decision of the board to strike so much thereof as finds a willful misrepresentation to obtain benefits, imposes a forfeiture of effective days and rules that benefits are recoverable. There is in this record no substantial evidence that the claimant willfully made false statements to obtain benefits (*Matter of Todino [Ross],* 59 AD2d 638; *Matter of Oster [Levine],* 53 AD2d 740; *Matter of Bunzl [Lubin],* 1 AD2d 46). When claimant was interviewed concerning her credit union and realty training activities, she voluntarily gave a full accounting of her time and activities. She also gave a complete account of her activities at the hearing before the referee. The evidence reveals that she never thought of her credit union activity as work. She thought of the time she spent at the realty office as training. Her credit union services were rendered voluntarily for a period of 36 years with only token remuneration. She had been employed steadily from 1926 until 1972 when she reached the mandatory retirement age as a highly skilled laboratory technician. Her credit union service was always rendered without interference with her full-time employment in any way. Asked why she became involved in Upstate Credit Union, she explained, "Credit union has always been part of my life since 1935 * * * the slogan is, 'not for profit, not for charity, but for service' ". Claimant never thought of her credit union activities as "employment" or "income producing" and that is why she did not mention it when applying for unemployment benefits. She began to attend realty training sessions in July, several weeks into the benefit period. She received no income from such activity during the benefit period and there was not any employment commitment. The question is, what evidence is there that claimant was aware that the answers she initially gave were false? In making this determination we should apply what was said in *Matter of Bunzl (Lubin) (supra,* p 48): "Claimant should not be held to a technical

construction of 'employment' as it is used in the unemployment insurance law". I disagree with the majority determination that there was substantial evidence of willful misrepresentation on the part of claimant. Furthermore, as in *Matter of Todino (Ross) (supra)*, the evidence here establishes that there was no withholding of factual information. Indeed, there is stronger evidence of factual disclosure in the instant case then existed in *Matter of Todino (Ross) (supra)* for here, once claimant became aware of the information desired, she made a full and complete disclosure.