■ In the Matter of the Claim of HAROLD T. MANTEL, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 1977, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits

effective October 27, 1975 because he was not totally unemployed and was not available for employment and charging him with a recoverable overpayment of $4,655 in benefits and holding that claimant made willful false statements to obtain benefits for which a forfeiture of 80 effective days was imposed. During the period in issue the claimant and his wife each owned 50% of the stock of four corporations and the claimant was the president of each and concededly ran each of the four businesses. The record discloses that the businesses produced some $50,000 in income during this time and that claimant participated in numerous and varied activities in behalf of the corporations. In spite of this claimant consistently indicated, when certifying for benefits each week, that he had done no work during the week previous and when originally applying for benefits stated that he had no business and was engaged in no activity likely to produce any income. The claimant contends on appeal that he disclosed his corporate ownership and all of his activities at the time of his interview and that he was advised that he was eligible for benefits. He further contends that he conducted a diligent search for employment and that he was available at all times and made no willful misrepresentation. Our review of the records dictates the conclusion that the board's decision is supported by substantial evidence and must be affirmed. Claimant's own affidavit of March 9, 1977 states that he spent a few hours each day for seven days a week each week attending to his corporate duties. In addition, it is fair to conclude that considerable effort is required to produce $50,000 in income. Whether one is totally unemployed and whether he is available are factual determinations for the board and, since its determinations on those issues are supported by substantial evidence, they should be affirmed (Matter of De Vivo (Levine], 51 AD2d 619; Matter of Kirchoff [Levine], 50 AD2d 697). Lastly, it is well settled that the issue of willful misrepresentation by an unemployment insurance claimant is a question of fact and the decision of the Unemployment Insurance Appeal Board thereon, if supported by substantial evidence, should not be disturbed (Matter of Bomwell [Levine], 49 AD2d 790). While claimant concededly did make some disclosure as to his corporate interests, an issue arises as to whether a full and complete disclosure, one which would enable the local office to make a proper determination, was presented. "It is the responsibility of all claimants to make a full and complete disclosure * * * of all pertinent facts which might be determinative of their rights to benefits". (Matter of Marder [Catherwood], 16 AD2d 303, 306.) Comparison of the claimant's testimony, his affidavit and his summary of interview discloses discrepencies which afford a basis for the board's determination of willfulness and claimant's version of what he was told by the interviewer presented an issue of credibility for the board (cf. Matter of Styres [Levine], 49 AD2d 987). Since the board's determinations are supported by substantial evidence, its decision must be affirmed. Decision affirmed, without costs. Greenblott, J. P., Staley, Jr., Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to modify in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Claimant and his wife are each 50% stockholders in four corporations. Claimant is the president. The corporations generated over $50,000 in business during the period in issue. Claimant signed checks and made bank deposits for the corporation, answered the phone, and sent out mail. The businesses were run from his place of residence. He received no remuneration from the corporation. One corporation was a cleaning service corporation which formerly employed one employee who has been replaced by claimant's wife; two corporations deal

with a mail order sales and one with loss prevention consultation. All these activities were revealed to the Industrial Commissioner's representative on November 3, 1975. The representative indicated in a summary of the interview that the claimant was not systematically employed. Claimant's initial application for benefits dated October 29, 1975, as well indicated employment for a corporation of which he was an officer. Claimant indicated that he was told by the agency after divulging the facts to them fully that his activities were not work. Although prior case law indicates that such activities as were engaged in by claimant do constitute work *(Matter of De Vivo [Levine]*, 51 AD2d 619), the representatives of the Industrial Commissioner are bound not to mislead applicants for benefits who are lay persons and for whom the intricacies of the law may be beyond their comprehension and experience. Under the circumstances of this case, willfulness should not be ascribed to the complainant. The fact that claimant was not totally unemployed should have been immediately obvious to the Industrial Commissioner's representative. As this court said in *Matter of Oster (Levine)* (53 AD2d 740, 741), "To sustain the finding of a willful false misrepresentation upon this record would ignore the reality that the Industrial Commissioner's representatives are supposed to know and apply the nuances of 'total' unemployment when claimants might not understand the implications of their forthright disclosures." (See, also, *Matter of Todino [Ross]*, 59 AD2d 638.) Accordingly, I conclude that the portion of the board's decision holding the benefits paid recoverable and imposing a penalty should not be permitted to stand. The decision should be modified, by striking so much thereof as finds a willful misrepresentation to obtain benefits and imposes a forfeiture of effective days and rules that benefits paid are recoverable.