■ In the Matter of SAMUEL HERSH, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained assessments of unincorporated business taxes against the petitioner. Petitioner seeks to annul a determination of the State Tax Commission which sustained assessments of unincorporated business taxes against him for the years 1969, 1970 and 1971, pursuant to article 23 of the Tax Law. At the hearing it was established that petitioner was a shoe salesman during the years in question and represented multiple manufacturers. He was paid on a commission basis by all such manufacturers. No income or Social Security taxes were deducted from his payment, nor was he provided with any employee benefits. He was reimbursed for most business expenses and claimed unreimbursed expenses on his income tax returns. His principals did not direct or control his manner of conducting his business and he scheduled his own appointments. Finally, he financed his own retirement plan. This case is indistinguishable from a long list of cases holding that salesmen are independent contractors where, as here, there are facts in the record supportive of respondent's determination. *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Courts may not substitute their judgment for that of the Tax Commission merely

because different minds might reach different results *(Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y.,* 39 NY2d 75, 79, cert den 429 US 832). Next, a review of the record clearly establishes that petitioner did not sustain his burden of establishing his entitlement to an exemption from taxation *(Matter of Liberman v Gallman,* 41 NY2d 774, 777). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Herlihy, JJ., concur.