■ In the Matter of the Claim of VERNA HASKINS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 27, 1980, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because she was not totally unemployed, charging her with recoverable overpayments and holding that she willfully made false statements to obtain benefits for which a forefeiture of 204 effective days was imposed. The record contains substantial evidence to support the findings that claimant was employed during the periods in question (Labor Law, §§ 522, 591, subd 1), and willfully made false statements (see *Matter of Richman [Ross]*, 67 AD2d 746). Factual determinations are within the exclusive jurisdiction of the board and if supported by substantial evidence will not be disturbed *(Matter of Boyd [Ross]*, 59 AD2d 804; *Matter of De Vivo [Levine]*, 51 AD2d 619). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

■ In the Matter of GEORGE COSTIS, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which found petitioner liable for unincorporated business taxes for the years 1971 and 1972. Petitioner worked as a sales representative for three companies and displayed bow windows, window sashes, doors and glazing compounds. His territory was limited by each company and while he could sell noncompetitive products, he was prohibited from selling competing ones. He was generally free to set up his own appointments and schedule his own vacations. No deductions from his commissions for Federal or State income taxes or Social Security taxes were made. He paid his own business expenses and deducted them on his income tax returns. He maintained his own office in his home. Respondent issued petitioner a notice of assessment for unincorporated business tax for $2,601.69. The instant article 78 proceeding was commenced to annul respondent's determination. If petitioner is an employee of a parent company, he is exempt from the unincorporated business tax (Tax Law, § 703, subd [b]; *Matter of Kent v State Tax Comm.,* 55 AD2d 727). On the other hand, if he is an independent contractor, he is liable for payment of the tax *(Matter of Liberman v Gallman,* 41 NY2d 774). While the companies exercised some control over petitioner, there is other proof in the record which permits a finding that petitioner was an independent contractor as found by respondent. Considering the record in its entirety, we are of the view that there are facts supportive of respondent's determination and we may not substitute our judgment for that of the Tax Commission merely because different minds might reach different results *(Matter of Hersh v State Tax Comm.,* 74 AD2d 931). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.