■ In the Matter of the Claim of ROBERT L. REDLO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [656 NYS2d 76] —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 30, 1995, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

The Unemployment Insurance Appeal Board found that, during the period that claimant was collecting unemployment insurance benefits, he was not totally unemployed and therefore ineligible to receive benefits. He was charged with a recoverable overpayment of $9,900 and, upon a finding that he made willful false statements to obtain benefits, his right to

future benefits was reduced. Claimant's sole argument on appeal is that substantial evidence does not exist to support the finding of willful misrepresentation.

Although the question of whether a claimant has willfully misrepresented his or her employment status is a factual one for the Board (*see, Matter of Di Giacomo [Hudacs]*, 183 AD2d 1095; *Matter of Arnold [Roberts]*, 104 AD2d 685, 686), its finding must be supported by substantial evidence (*see, Matter of Todino [Ross]*, 59 AD2d 638, 640; *Matter of Oster [Levine]*, 53 AD2d 740). Because substantial evidence does not support a finding of willful misrepresentation here, the Board's decision must be modified accordingly.

When claimant first applied for benefits, he advised representatives of the local unemployment office of his employment situation, including a consulting arrangement he had with his former employer. Even with this information, claimant was found eligible to receive unemployment insurance benefits. Throughout the relevant time period, claimant continuously disclosed to the local office the days that he did work, and benefits were not awarded on those days. In these circumstances, where claimant did not withhold information and did, in fact, attempt to inform the local office of all pertinent facts, claimant's certification that he was totally unemployed cannot be deemed a willful misrepresentation within the meaning of the Labor Law (*see, Matter of Czarniak [Ross]*, 60 AD2d 745; *Matter of Todino [Ross]*, *supra*; *Matter of Oster [Levine]*, *supra*).

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found claimant guilty of making a willful misrepresentation to obtain benefits and ordered a forfeiture of effective days; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.