In the Matter of the Claim of AMILCAR A. MTU, Appellant. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 784]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 8, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a tutor supervisor for a social services agency. At the end of May 2003, he was notified that due to a reduction in funding for the program in which he worked, his last day of employment would be June 13, 2003. On June 13, 2003, claimant reported to work but later refused to complete an evaluation form given to him by the employer and left the premises. According to the employer, claimant began yelling and screaming and ripped up the evaluation form. Claimant subsequently applied for and received unemployment insurance benefits. Thereafter, however, the Unemployment Insurance Appeal Board disqualified him from receiving benefits on the ground that his employment was terminated due to misconduct. The Board also found that he made a willful misrepresentation to obtain benefits and, among other things, charged him with a recoverable overpayment. He now appeals.

Although an employee's inappropriate and insubordinate behavior may constitute misconduct disqualifying the employee from receiving unemployment insurance benefits (*see e.g. Matter of Figueroa [Commissioner of Labor]*, 2 AD3d 952 [2003]; *Matter of Kushner [Hudacs]*, 193 AD2d 1043 [1993]), we do not

find, under the circumstances presented here, that claimant lost his employment due to misconduct. Rather, prior to the subject incident, the employer made it clear that claimant's last day of employment would be June 13, 2003 as the funding for his position was being discontinued. Insofar as claimant represented on his application that he was laid off from his job, he did not make a willful misrepresentation to obtain benefits. Because the Board's decision is not supported by substantial evidence, it must be reversed.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.