*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                518801
_____

In the Matter of the Claim of
    NEAL HART,
                    Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Garry, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Neal Hart, Fulton, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

                    _____


        Appeal from two decisions of the Unemployment Insurance
Appeal Board, filed December 17, 2013, as superceded by decisions
filed September 18, 2014, which ruled, among other things, that
claimant was ineligible to receive unemployment insurance
benefits because he was not available for employment.

        Claimant filed a claim for unemployment insurance benefits
on January 1, 2013, with an effective date of December 31, 2012.
In two decisions filed December 17, 2013, the Unemployment
Insurance Appeal Board determined that claimant was ineligible to
receive benefits for a certain time period because he was not
available for work due to his incarceration.  The Board further
found that claimant had made a willful misrepresentation to
obtain benefits, charged him with a recoverable overpayment and
imposed a forfeiture penalty.  The Board subsequently granted an
application by the Commissioner of Labor to reopen the Board's
decisions and, in two decisions filed September 18, 2014, the

Board rescinded its prior decisions and sustained the finding of willful misrepresentation, but modified the penalty imposed. Claimant appeals.

Initially, as claimant is aggrieved by the Board's September 2014 decisions "in essentially the same manner as [he] was by the appealed-from decision[s]," we will consider the merits of his arguments despite his failure to appeal from the 2014 decisions (Matter of McCauley [Commissioner of Labor], 104 AD3d 973, 973-974 [2013] [internal quotation marks and citation omitted]; accord Matter of Fernandez [Watkins—Commissioner of Labor], 102 AD3d 1020, 1021 [2013]). Claimant does not dispute the charge of a recoverable overpayment, but asserts that he did not make a willful misrepresentation to obtain benefits. "Whether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and [such decision] will be upheld if supported by substantial evidence" (Matter of Giacalone [Commissioner of Labor], 120 AD3d 1519, 1520 [2014] [citation omitted]).

Here, the Board determined that, during two weeks of claimant's incarceration, a person from his household used his personal identification number (hereinafter PIN) to certify his eligibility for benefits. The Board concluded that "there is no reason not to accept" as credible claimant's contention that he did not authorize anyone to certify for him while he was incarcerated. The Board nonetheless determined that, because claimant kept his PIN in an unsecured place, the use of his PIN to certify that he was available for work was attributable to claimant. We are unpersuaded by this reasoning. "A willful false statement or misrepresentation is one which was made knowingly, intentionally or deliberately" (Matter of Brown [Commissioner of Labor], 115 AD3d 1108, 1109 [2014] [internal quotation marks and citations omitted]; accord Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 974-975 [2006]). In light of the Board's conclusion that claimant did not authorize anyone to use his PIN, he did not knowingly, intentionally or deliberately make a false statement to obtain benefits. Thus, the Board's determination that claimant made a willful misrepresentation is not supported by substantial evidence and its decisions must be reversed to said extent (see generally

Matter of Mtu [Commissioner of Labor], 16 AD3d 883, 884 [2005]).

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the decisions are modified, without costs, by reversing so much thereof as found a willful misrepresentation to obtain benefits and ordered a forfeiture of effective days; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court