Matter of Hua Fan (Commissioner of Labor) (2020 NY Slip Op 02350)





Matter of Hua Fan (Commissioner of Labor)


2020 NY Slip Op 02350


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

530142

[*1]In the Matter of Hua Fan, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 20, 2020

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Hua Fan, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 2019, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she was suspended from her employment without pay due to misconduct.
Claimant, a paraprofessional for a school district, found a coworker's wallet in the lunchroom and hid it in the bathroom. The following day, claimant was arrested and charged with, among other things, grand larceny in the fourth degree. Claimant was suspended from her employment as a result. Thereafter, claimant applied for unemployment insurance benefits and, after speaking with a representative from the Department of Labor, claimant began receiving unemployment insurance benefits. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits because she was separated from her employment due to misconduct. In addition, the Board found that claimant made a willful false statement regarding her conviction and, therefore, assessed her with a recoverable overpayment of benefits, imposed a civil monetary penalty and reduced her right to future benefits by eight effective days. Claimant appeals.
Claimant does not challenge the finding that she was separated from her employment due to misconduct, but contends that substantial evidence does not support the finding that she made a willful false statement. We agree. "A 'willful' false statement or misrepresentation is one which was made knowingly, intentionally or deliberately, and criminal intent . . . need not be shown" (Matter of Brown [Commissioner of Labor], 115 AD3d 1108, 1109 [2014] [internal quotation marks and citation omitted]). "Whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and such decision will be upheld if supported by substantial evidence" (Matter of Hart [Commissioner of Labor], 125 AD3d 1021, 1022 [2015] [internal quotation marks, brackets and citation omitted]).
The record establishes that claimant spoke, in Mandarin, to a representative from the Department of Labor and informed the representative about the incident that led to her separation from employment, including that she was arrested on the charge of grand larceny in the fourth degree. According to claimant's statement, she denied being guilty of the charges and, thereafter, readily provided the Department of Labor with a court document. That court document, however, reflects that claimant had already pleaded guilty to criminal mischief in the fourth degree and disorderly conduct and was required to perform five days of community service. Claimant's statement reflects a misunderstanding on her part, as she indicates that the court would not be determining her guilt until July 2018.[FN1] Notwithstanding the inconsistent information provided by claimant and the court document provided to the Department of Labor, claimant did not withhold any information regarding the nature of the conviction, and, in fact, provided the pertinent information with regard to her conviction. In view of this, claimant cannot be deemed to have made a knowing, intentional and deliberate false statement to obtain benefits (see Matter of Redlo [Sweeney], 238 AD2d 701, 702 [1997]). As such, the Board's finding that claimant made a willful false statement is not supported by substantial evidence (see Matter of Hart [Commissioner of Labor], 125 AD3d at 1023; Matter of Redlo [Commissioner of Labor], 238 AD2d at 702; cf. Matter of Brown [Commissioner of Labor], 115 AD3d at 1109; Matter of Mathis [Commissioner of Labor], 110 AD3d 1412, 1413-1414 [2013], lv denied 23 NY3d 902 [2014]).
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found a willful misrepresentation to obtain benefits and ordered a forfeiture of effective days; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and as so modified, affirmed.



Footnotes

Footnote 1: The court document reflects that the July 2018 court appearance, however, was a compliance adjournment date.