Matter of Nottage (Commissioner of Labor) (2025 NY Slip Op 00256)

Matter of Nottage (Commissioner of Labor)

2025 NY Slip Op 00256

Decided on January 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 16, 2025

CV-23-2219
[*1]In the Matter of the Claim of Tiffany Nottage, Appellant. Commissioner of Labor, Respondent.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Tiffany Nottage, Bronx, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Mackey, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 4, 2023, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
The underlying facts are set forth in this Court's prior decision in this matter (204 AD3d 1213 [3d Dept 2022]). Briefly, in March 2020, claimant was working two jobs, one full time and one part time. After her assignments for the part-time job ended due to the onset of the COVID-19 pandemic, claimant applied for unemployment insurance benefits, certifying that she did not work from March 23, 2020 to September 13, 2020, despite working at her full-time job during this time period. As a result, claimant received regular unemployment insurance benefits, as well as federal pandemic unemployment compensation under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021). The Department of Labor issued an initial determination holding that claimant was ineligible to collect unemployment insurance benefits because she was not totally unemployed during the aforementioned time period and charged her with recoverable overpayments of the state benefits and CARES Act benefits received, and imposed a monetary penalty and a reduction of claimant's right to receive future benefits by 200 days based upon a finding that she made willful misrepresentations to obtain benefits. This determination was affirmed by an Administrative Law Judge following a hearing, and by the Unemployment Insurance Appeal Board upon administrative review. On appeal, this Court reversed the Board's decision, finding that the failure to admit certain documentary evidence offered by claimant deprived her of a fair hearing (see id. at 1214-1215). Upon remittal, the Board reopened its prior decision and remanded the matter for a new hearing. Following the hearing, and considering claimant's documentary evidence, an Administrative Law Judge affirmed the Department's initial decision. Upon review, the Board affirmed, finding, among other things, that the unemployment insurance benefits were recoverable based upon claimant's false statements when certifying. Claimant appeals.
"Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1368 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; see Matter of Martin [Commissioner of Labor], 228 AD3d 1201, 1201-1202 [3d Dept 2024]). Inasmuch as claimant testified that she was working for another employer during the period of time that she certified for unemployment insurance benefits, substantial evidence supports the Board's determination that she was ineligible for such benefits upon the ground that she was not totally unemployed (see Matter of [*2]Johnson [Commissioner of Labor], 222 AD3d 1115, 1118 [3d Dept 2023]; Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204 [3d Dept 2023]). "Consistent with the provisions of Labor Law § 597 (4), the unemployment insurance benefits paid to claimant are recoverable based upon the false statement[s] made by claimant when certifying for benefits" (Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 [3d Dept 2022]; see Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]). Given the Board's finding that claimant was not totally unemployed, and therefore ineligible for unemployment insurance benefits, claimant was also not eligible to receive benefits under the CARES Act and those payments were also properly recoverable (see Matter of Almindo [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], 223 AD3d 5, 9 [3d Dept 2023], lv dismissed in part & granted in part ___ NY3d ___ [Jan. 9, 2025]; Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d at 1212).
Turning to the penalties imposed, "whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Cruz [Commissioner of Labor], 215 AD3d at 1204-1205 [internal quotation marks and citations omitted]; accord Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1308 [3d Dept 2023]). "A 'willful' false statement or misrepresentation is one which was made knowingly, intentionally or deliberately, and criminal intent need not be shown" (Matter of Brown [Commissioner of Labor], 115 AD3d 1108, 1109 [3d Dept 2014] [internal quotation marks, ellipsis and citations omitted]). Claimant testified that she was initially unsure whether she was eligible for unemployment benefits because she was still working, but that she believed she was eligible for pandemic unemployment assistance (hereinafter PUA) (see 15 USC § 9021). A flyer posted on the Department's website indicated that individuals who believed they were eligible for PUA must first apply for unemployment insurance benefits and, if denied, they could then apply for PUA. In a series of over 20 emails sent during the time that claimant was certifying for benefits, she attempted to contact the Department seeking guidance regarding her certification and the fact that she was still working full time. Getting no response, she contacted an attorney who advised her to keep certifying in the same manner until she hears from the Department. In view of claimant's repeated efforts to contact the Department for guidance regarding her eligibility and certification, in which she fully disclosed that she was still working her full-time job and that she was seeking PUA benefits, not state benefits, which went unanswered, substantial evidence does not support the Board's finding that claimant made a knowing, intentional and deliberate false [*3]statement to obtain benefits, and the imposition of monetary and forfeiture penalties must be rescinded (see Matter of Redlo [Sweeney], 238 AD2d 701, 702 [3d Dept 1997]; compare Matter of Park [Commissioner of Labor], 231 AD3d 1248, 1249 [3d Dept 2024]; Matter of Boscarino [Commissioner of Labor], 117 AD3d 1145, 1148 [3d Dept 2014]).
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found a willful misrepresentation to obtain benefits, imposed a penalty of $1,188 and ordered a forfeiture of 200 effective days; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.