■ In the Matter of the Claim of MARY E. CURRAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 17, 1974, which reversed a referee's decision and affirmed the initial determination of the Industrial Commissioner that claimant was disqualified from receiving benefits effective June 27, 1974 because she voluntarily left her employment without good cause. The claimant worked as a teacher in a day care center for a year and a half through June 26, 1974. Pursuant to the contract between her union and employer, she was required to give one month's notice of her intention to quit. After meeting a prospective employer in April, 1974, although a precise salary was not fixed, she believed that she had been offered a definite job as an administrative assistant to commence on July 5, 1974. In May, 1974 she tendered her written resignation to take effect on June 26, 1974. On July 5, 1974 she discovered that because of funding problems the new job was not available. Although we disagree with the board's conclusion that it made a difference that claimant made her resignation effective June 26, 1974 rather than July 3, 1974, a week closer to the commencement of the expected new employment, there is substantial evidence on this record to support the conclusion of the board that she voluntarily left her employment without good cause. The termination by claimant of her employment in the expectation of a new job which failed to materialize amounted to a voluntary separation from her employment without good cause (Labor Law, § 593, subd 1; *Matter of Fallon [Catherwood],* 28 AD2d 1016). Decision affirmed, without costs. Herlihy, P. J., Larkin and Reynolds, JJ., concur; Sweeney and Main, JJ., dissent and vote to reverse in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). We are unable to agree with the majority and, therefore, dissent and vote to reverse. The record clearly establishes that claimant had a firm job offer to commence on July 5, 1974. She had provided a definite date for her departure pursuant to union and company rule. The board's determination to deny her benefits because she terminated her work on June 26 instead of July 3 is unrealistic and arbitrary. We are unable to conclude that claimant's leaving a week before the new job started warranted a determination that such circumstance constituted leaving her employment without good cause. Respondent contends that the instant case is similar to one in which benefits have been denied where a claimant refused an offer of employment for one week. We disagree. There is a clear distinction between a claimant refusing work for a period of one week with no job prospect and a claimant leaving one position with good cause and merely availing herself of a week's time before starting another permanent position. The majority's reliance on *Matter of Fallon (Catherwood)* (28 AD2d 1016) is misplaced. In *Fallon* the claimant passed a civil service examination and merely expected to be appointed soon as a revenue agent. Here, the claimant had a firm offer and knew the exact date she was to report to work and availed herself of a week for the transition. The decision should be reversed and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings.