■ In the Matter of the Claim of MARTIN I. DANK, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 1980, which held that claimant was disqualified from receiving benefits for voluntarily leaving his employment without good cause. Good cause for voluntarily leaving one's employment is a question of fact for the board, and if supported by substantial evidence, its finding will not be disturbed *(Matter of Stark [Ross]*, 66 AD2d 942). We find such evidence lacking here, however, and are to reverse. The claimant worked as a psychologist for a county mental health clinic from August, 1976 through June 13, 1979. By letter dated March 27, 1979, Dr. Gerald Kaplan, the Chairman of the Department of Child Psychiatry at the Hadassah-Hebrew University Hospital in Jerusalem, Israel, advised claimant that: "I am therefore holding the position of Chief Psychologist open for you until September 1979, although I hope that you may be able to start here before that date." In response to claimant's inquiry, Dr. Kaplan advised claimant that due to various economic and governmental factors a salary figure could not be fixed until claimant arrived. After claimant's request for a one-year leave of absence was denied, he advised his employer that he would be resigning effective June 13, 1979. Claimant testified that he accepted the job offer because it presented the opportunity to do more active research and develop his skills. Claimant rented his house for one year and rented his private office for 14 months. At the close of the school year, claimant, his wife and children, traveled to Israel where they stayed in government housing. Upon arrival, claimant discovered that the job was not what he thought it was to be when he accepted it, and the salary, tax and fringe benefits were not what he had expected. In addition, his father became ill. These circumstances led claimant and his family to return to New York. The undisputed facts here plainly establish that claimant left his employment due to a firm offer of employment and, therefore, he had good cause for leaving his employment, despite the fact that a salary was not fixed *(Matter of Curran [Levine]*, 50 AD2d 681, revd on dissenting mem at App Div 41 NY2d 856). Accordingly, the board's decision must be reversed. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.