■ In the Matter of the Claim of TIMOTHY J. BEHNKE, Respondent. WHITE CARRIAGE CORPORATION, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 16, 1983, which ruled that claimant was entitled to receive benefits. Claimant was a school bus driver for the employer White Carriage Corporation. Toward the end of the 1981-1982 school year, the employer distributed questionnaires to the drivers asking when they would be available for driving during the summer of 1982 and the 1982-1983 school year. Claimant indicated that he was available for a bus route during the summer, but that he did not plan to drive in the fall when the 1982-1983 school year began because he was planning to move up-State in August, 1982 for a better job, although he had no prospects for such a job. The employer had no routes for claimant during the summer but, in August, 1982, the employer asked claimant if he was available to drive, although it is unclear whether this inquiry was directed to routes available then or available at the beginning of the fall term, and claimant replied in the negative. The record further reveals that claimant was originally hired in November, 1981 and was required to take a State safe driving course within a year, the cost of which, $35, was divided between claimant and the employer. Claimant stated he could not afford the course and did not want to take it. Claimant also stated that he did not want to drive for the employer because the buses were unsafe, although claimant's interview records do not reflect this reason. Claimant applied for unemployment benefits on September 20, 1982. By initial determination, claimant was disqualified from receiving benefits for voluntarily leaving his employment without good cause (see Labor Law, § 593, subd 1, par [a]) and the administrative law judge upheld this determination. The board reversed, concluding that claimant lost his employment under nondisqualifying grounds. The board determined that claimant was laid off by the employer and, thus, did not leave his employment without good cause, and that, under the

holding of *Matter of Foscarinis* (*Corsi*) (284 App Div 476), claimant's refusal of a job offer before he applied for benefits did not constitute a disqualification. This appeal by the employer ensued. Initially, we note that the employer does not contest that claimant is eligible for benefits, but argues that he is subject to disqualification for refusing to accept an offer of employment (see Labor Law, § 593, subd 2) and for voluntarily leaving his employment without good cause (see Labor Law, § 593, subd 1, par [a]). Regarding the former contention, claimant's refusal of the ambiguous August offer of employment does not disqualify claimant from eligibility for benefits under subdivision 2 of section 593 of the Labor Law. As we held in *Matter of Foscarinis* (*Corsi*) (*supra*), and recently reaffirmed in *Matter of Diaz* (*New York City Dept. of Personnel — Ross*) (80 AD2d 949, 950), an unemployed worker is not disqualified from eligibility when a refusal of an offer of employment precedes a claim for benefits because, at the time of the refusal, the worker is not yet a "claimant" at whom subdivision 2 of section 593 of the Labor Law is directed. More troublesome is the board's determination that claimant was laid off by the employer in June, 1982 and, thus, was eligible for benefits when he applied in the following September. A claimant who fails to return to work after a layoff can be found to have voluntarily left employment without good cause (see CCH Unemployment Insurance Reporter [New York], par 1975). In this case, although claimant desired to work for the employer during the summer of 1982, but was unable to do so in the absence of available routes, the record is clear that claimant indicated as early as May, 1982 that he had no plans to return to work for the employer in the fall of 1982 because of his intention to move up-State for some undefined better job. Leaving a job to find a better one without any firm prospects can constitute voluntary separation from employment without good cause (see *Matter of Bates* [*Catherwood*], 33 AD2d 860; cf. *Matter of Dank* [*Ross*], 80 AD2d 717). Thus, claimant's decisions to move up-State before September, 1982 to find a better job and not to return to work for the employer when the summer layoff ended constituted, as of September, 1982, a voluntary separation from employment without good cause. To the extent that the board's decision permitted claimant to receive benefits after the summer layoff, the decision is erroneous. Decision reversed, without costs, and employer's objection to claimant's entitlement to benefits is sustained. Mahoney, P. J., Main and Yesawich, Jr., JJ., concur; Sweeney and Mikoll, JJ., dissent and vote to affirm.