■ MAXINE M. SNYDER, Individually and as Executrix of DANIEL L. SNYDER, Deceased, Appellant, v NEW YORK HILTON JOINT VENTURE et al., Respondents. — Order, Supreme Court, New York County (William P. McCooe, J.), entered March 28, 1984, which granted the motion of the defendants New York Hilton Joint Venture, New York Hilton Corporation and Hilton Hotels Corporation to modify a Special Term, Part 8A, pre-calendar

conference order, entered February 3, 1984, by deleting the direction that the Hilton Hotel produce for deposition an employee of its rehabilitation department, is unanimously reversed, on the law, the facts and in the exercise of discretion, the motion of these defendants is denied, and this pre-calendar conference order is reinstated in its entirety, with costs. The appeal from a subsequent order of the same court and Justice, entered on or about July 11, 1984, which was denominated as a denial of a motion for reargument, is dismissed as nonappealable, without costs.

On July 23, 1978, Daniel L. Snyder (Snyder), who was attending a jewelry show in the main ballroom of the New York Hilton Hotel (Hotel), injured his ankle and knee when he tripped and fell over an allegedly loose, uneven and bunched-up carpet. Thereafter, Snyder instituted the instant action against a number of defendants, including defendants New York Hilton Joint Venture, New York Hilton Corporation and Hilton Hotels Corporation (collectively the Hilton defendants) to recover for his injuries, and, upon Snyder's death, his executrix has continued this action. Issue has been joined.

Based upon the deposition testimony of a nonparty witness who testified, in pertinent part, that she had noticed the bunched-up carpeting over a period of several days prior to the incident, saw persons trip over it, and had repeatedly complained to the rehabilitation department (Department) about it, plaintiffs sought to depose an employee of that Department concerning those complaints and what was done about them.

By order of Special Term (Henry R. Williams, J.), dated November 12, 1982, the Hilton defendants were ordered to produce a "representative of the House staff and/or Rehabilitation and Maintenance Department" for deposition by plaintiffs.

Thereafter, plaintiff moved to strike the answer of the Hilton defendants, in view of the fact that they had not produced either an employee from the Department or one with any knowledge of the relevant facts. The Hilton defendants cross-moved for, *inter alia,* an order directing plaintiff to serve and file a notice of a pre-calendar conference in Part 8A. In an order entered March 1, 1983, Special Term (Irving Kirschenbaum, J.), *inter alia,* granted plaintiff's motion only to the extent of directing the Hilton defendants to produce a witness with knowledge of the facts and if one could not be produced, then the Hilton defendants were directed to submit an affidavit explaining their inability to do so; and, further, directed that this matter be noticed for an 8A conference. Plaintiff appealed and we affirmed, without opinion (*Snyder v New York Hilton Joint Venture,* 97 AD2d 680, 686 [1st Dept 1983]).

Now, as ordered by Special Term, a Part 8A conference was held, and it resulted in an order (William P. McCooe, J.), entered February 3, 1984, which, *inter alia,* again directed the Hilton defendants to produce an employee of the Department. In response, the Hilton defendants moved to vacate this portion of the 8A order and Special Term, Part 8A, granted that motion. We find that Special Term erred.

Our review of the instant record convinces us that the original direction of Special Term, Part 8A, that the Hilton defendants produce an employee of the Department with knowledge of the condition, was correct. We find that it is essential to the plaintiff's case that she have an opportunity to depose such a witness, who is most likely to have knowledge of the nonparty witness' complaints about the dangerous or negligent condition which caused the alleged injuries herein. The employee to be produced shall be one who is likely to know of the nonparty witness' many complaints *prior* to the subject accident. Concur — Murphy, P. J., Kupferman, Ross and Fein, JJ.