In the Matter of the Claim of T. J. AMBER JARVIS, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant.

Third Department, July 25, 1985

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Frederick M. Paola* and *Jonathan Irons* of counsel), for appellant.

*Gary J. Grayson* for respondent.

### OPINION OF THE COURT

CASEY, J.

Claimant, a social worker, was employed by a medical center in a temporary capacity that was scheduled to terminate on December 10, 1982. On November 1, 1982, she submitted her resignation, effective November 19, 1982, having accepted other similar employment scheduled to commence December 1, 1982. Claimant admits that between November 1 and November 19, 1982, she decided to pursue employment opportunities other than the employment that she was scheduled to commence on December 1, 1982; therefore, although she attempted to withdraw her resignation, she was not permitted to do so. Her last day of employment was November 19, 1982. On November 22, 1982, claimant applied for unemployment insurance benefits,

indicating to the local office only that she lost her employment because it was "temporary" in nature. She did not disclose that she had resigned and that she could have continued working until December 10, 1982, or that she had decided not to accept the new employment that she had been offered.

The Administrative Law Judge (ALJ) affirmed the initial determination, effective November 20, 1982, disqualifying claimant from benefits because she voluntarily left her employment without good cause. Claimant was deemed to have been overpaid $125 in benefits, ruled to be recoverable, and her rights to future benefits were reduced by eight effective days because of her willfully made false statement.

Claimant applied to reopen and reconsider the decision of the ALJ. The Unemployment Insurance Appeal Board granted claimant's application to reopen and reconsider. Subsequently, the Board decided that on November 19, 1982, the termination date of claimant's last employment, she had a validly existing offer of employment and that her intention at that time regarding whether to accept the new job was immaterial. Therefore, claimant was found to be separated from her employment under nondisqualifying conditions, and the determinations of the local office and the ALJ to the contrary and ruling the benefits paid to be recoverable were overruled. As to the issue of willful misrepresentation, that initial determination was affirmed by the Board, but the penalty of a forfeiture of eight effective days was modified to four effective days. Upon application by the Commissioner of Labor, the Board reopened, reconsidered and adhered to its prior decision.

On this appeal by the Commissioner, it is urged that the decision of the Board does not have a rational basis and should be reversed. We disagree with the Board's decision insofar as it ruled that claimant's intention with regard to the acceptance of her new employment was immaterial when she left her old job on November 19, 1982, and that the only factor necessary for consideration was a valid, then existing offer of other employment. In order for claimant to have left her employment under nondisqualifying conditions, she had to have left for good cause (Labor Law § 593 [1] [a]). The only good cause that would attend her leaving under these circumstances was that, at the time she left, she intended to accept the new job that awaited her. If claimant's resignation had been submitted in expectation of her discharge scheduled for December 10, 1982, it would constitute a voluntary leaving of employment without good cause (*Matter of La Greca* [*Catherwood*], 30 AD2d 597). Furthermore, this court

has affirmed without opinion Board decisions ruling that separation from employment after the refusal of an employer to withdraw a resignation upon a claimant's request is a leaving of employment without good cause (*see, e.g., Matter of Waltos* [*Levine*], 39 AD2d 644).

Bearing on the issue of claimant's intent are her attempt to withdraw her resignation before leaving, her refusal to report to the new job, her filing for benefits on November 22, 1982 before the new job was scheduled to begin, her failure to disclose to the local office her resignation and offer of new employment, and her statement to the local office that her only reason for leaving was the "temporary nature" of the employment. These are factors that must be, but were not, considered by the Board in determining claimant's intention. The element of intent is important here because these facts and circumstances differ from those of *Matter of Curran* (*Levine*) (50 AD2d 681, *revd on dissenting opn below* 41 NY2d 856), on which claimant relies and which the Commissioner attempts to distinguish. In *Curran,* the claimant, who left her employment one week before starting a new position that failed to materialize for lack of funding, was held to have had good cause for leaving and was ruled eligible for benefits. Significantly, the failure of the new position to materialize in *Curran* could in no way be attributed to any fault of the claimant. Here, however, the new position was at all times available to claimant if she wanted to accept it. Her intent in not doing so is not only relevant but critical to the issue of whether she left her employment under disqualifying conditions.

In view of the Board's failure to consider claimant's intent, a critical element in determining whether she voluntarily left her employment for good cause, the Board's decision is irrational and must be reversed.

MAIN, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.