■ In the Matter of the Claim of CHERYL I. TEPPER, Appellant. COMMISSIONER OF LABOR, Respondent. [756 NYS2d 672] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

On June 26, 2001, claimant, a licensed practical nurse with a pediatric center, notified the employer that she was resigning effective July 20, 2001 in order to accept a position with a medical center in the City of Albany on August 13, 2001. Claim-

ant made one visit to the Albany area to search for housing prior to leaving her employment. Claimant testified that she had a difficult time attempting to buy or rent a home. Claimant was twice granted extensions on her start date with the medical center due to her housing problem, but finally was told that the position could not be held past October 8, 2001. Claimant was still without housing on that date and her request to return to her former employer was denied. During the entire period, claimant maintained her apartment in the Village of Watkins Glen, Schuyler County. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits finding that although claimant had a definite job offer at the time she left her employment, her conduct demonstrated that she did not have the requisite intent to actually accept the new position.

We affirm. A claimant's conduct and intent with regard to accepting a new position is a critical element in determining whether separation from employment was for good cause (*see Matter of Jarvis [Roberts]*, 109 AD2d 377 [1985]). Here, claimant made only one attempt to find housing prior to ending her employment. Furthermore, the Board discredited claimant's testimony that she was unable to find suitable housing over the 12-week period within a price range of $600 to $700 and a 35- to 40-minute commute of the medical center. In view of the foregoing, we find substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause.

Cardona, P.J., Mercure, Crew III, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.