Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 27, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant worked for the employer as its Director of Substance Abuse Prevention Services for approximately four years. On December 13, 2010, he tendered a letter of resignation advising the employer that his last day of work would be January 7, 2011 because he was offered a position at another facility. Thereafter, claimant drove a motor vehicle after he had taken prescription medication and was arrested for driving while ability impaired. He underwent substance abuse treatment as a result. When his prospective employer learned of his arrest, the offer of employment was withdrawn. In addition, claimant’s employer would not allow him to retract his resignation. The Department of Labor initially disqualified claimant from receiving unemployment insurance benefits upon finding that he voluntarily left his employment without good cause. Following a hearing, an Administrative Law Judge overruled this determination, but his decision was later reversed by the Unemployment Insurance Appeal Board. Claimant appeals.
We affirm. “A claimant’s conduct . . . with regard to accepting a new position is a critical element in determining whether separation from employment was for good cause” (Matter of Tepper [Commissioner of Labor], 304 AD2d 944, 945 [2003] [citation omitted]). Here, while claimant had a valid offer of employment at the time he tendered his resignation, he lost this offer through his own poor judgment in driving a motor vehicle after taking prescription medication. Given the nature of his position, the employer was justified in refusing to allow claimant to rescind his resignation. Under these circumstances, substantial evidence supports the Board’s finding that good cause did not exist for claimant’s voluntary departure from employment and that he was disqualified from receiving benefits. Therefore, we find no reason to disturb the Board’s decision.
*1360 Lahtinen, J.E, Stein, Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.